APPELLATE DOCKET NUMBER CR-04-0068

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

JEFFERY BAKER,

APPELLANT,

VS.

STATE OF ALABAMA,

APPELLEE.

On Appeal from the Circuit Court
Of Pike County, Alabama
Case No. CC-2003-249

BRIEF IN SUPPORT OF APPLICATION FOR REHEARING

Jeffery Baker Jr,
Appellant, Pro-se
1353 County Road 3348
Brundidge, Alabama 36010
(334)735-3548

## ARGUMENT

The court overlooked and/or misapprehended the law and the facts in the appeal. Judge Cobb writing for the majority, asserts, "Because Baker does not challenge the sufficiency of the State's evidence, a brief rendition of the facts will suffice. . . ."Baker disrupted a Labor day Holiday cookout for employees of the Pike County Sheriff's Department and county courthouse personnel in the "parking lot of the county courthouse." Appellant adopts the statement of facts in Rehearing Application as an accurate rendition of facts. The State argues that, by his requests, Baker sought, not the assistance of counsel required by the constitution but, rather, hybrid representation to which he was not entitled and that, when the trial court declined to allow Baker Hybrid Representation, Baker affirmatively insisted on proceeding pro se and waived his right to counsel, and the court agree. However, the government supports the contentions by citing, Coughlin v. State, 842 So. 2d 30 (Ala. Crim. App. 2002), Faretta v. California, 422 U.S. 806 (1975), and Moody v. State, 888 So. 2d 532 (Ala. Crim App. 2003).

As a preliminary matter, Appellant requests the court to take judicial notice of its own record, Kirby v. State, So. 2d 867 (Ala. Crim. App. 2001). Appellant objects to the brief herein perfected on his behalf by the government paid counsel, Mr. Jeffery C. Robinson. Appellant adopts his previously submitted objection supported by affidavit rejecting the argument and brief as a nullity dated April 11, 2005. Further, in accordance with the Alabama Rules of Criminal and Appellate Procedures, Rules, 6.3 (b), 6.4 and Rule 24 respectively, no affidavit of substantial

hardship or order approving appointment of counsel by the courts having jurisdiction appears in the record for review. Appellant submits the court is without the legal authority to even appoint the appellate counsel absent conformity with applicable law. Appellant hereby challenges any payment to the appellate counsel absent the pre-approved affidavit of substantial hardship and order in accordance with law.

The court is further requested to take notice of appellant's motion for judgment of acquittal or in the Alternative for New Trial or Arrest of judgment, (Cr. 702-03). Appellant submitted an amended motion for new trial after sentencing (CR. 788-800). The issue therein presented preserves the issues for review by this court. The court notes, "Baker does not challenge the sufficiency of the State's evidence adduced at trial . . . . Baker does in fact challenge the sufficiency of the evidence; it is however, the government paid attorney that failed to challenge the fundamental issue of sufficiency of the evidence.

Appointed appellate counsel having submitted the fraudulent appellate issue, appellant is now forced to defend the sole issue presented on his behalf and previously objected to by sworn affidavit. The majority in its agreement with the state's position, asserts:

> "It is apparent from a reading of the transcript of the <u>Faretta</u> hearing that Baker was seeking standby counsel but that he intended to represent himself. Clearly, "while a defendant has a right to be represented by counsel or to represent himself, he is not entitled to a hybridized representation of his own design." <u>Moody v. State</u>, 888 So. 2d 532, 560 (Ala. Crim. App. 2003). Therefore, the trial court was within its discretion to deny Baker's request for a "sit-in-attorney." The trial court instead

advised Baker that he could either represent himself, or the trial court would appoint an attorney to represent him; Baker chose to represent himself. Additionally, as to the affidavit of substantial hardship Baker referenced when the trial court mentioned that Counsel would be appointed of Baker could not afford to hire an attorney, it is apparent that that affidavit was filed for the purpose of allowing Baker to appeal his district court conviction to the circuit court for a trial de novo, rather than requesting the appointment of counsel, neither the affidavit of substantial hardship nor the motion for leave to appeal in forma pauperis even suggest that Baker wanted appointed  counsel. Thus, it is clear from our review of the record that Baker made the decision to forgo his right to counsel and asserted his right to self-representation; therefore, he has the burden of showing that his waiver of his right to counsel was not knowingly, intelligently, or voluntarily made" (Id. 16).

Our United State Supreme Court has long held that" The courts indulge every reasonable presumption against waiver of fundamental constitutional rights, and do not presume acquiescence in the loss of fundamental rights, Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed.1461, 146 (1938). Further, "in Faretta v. California,422 U.S. 806, 95, S. Ct. 2525, 45 L Ed. 2d 562 (1975)   and Westmoreland v. City of Hartselle, 500 So. 2d 1327 1328 (Ala. Crim. App. 1986), the courts held: "waiver of counsel can only be effectuated when the defendant asserts a clear and unequivocal right to self-representation." In Fitzpatrick v. Wainwright, the court held: "Before court permits defendant to represent himself at trial, defendant must clearly and unequivocally assert the right to self-representation. The court overlooked and/or misapprehended the law and the facts herein. When asked, the appellant unequivocally requested counsel, the record unequivocally shows:

The Court:    *So, you don't want an appointed attorney? Is that Correct?*

> MR. BAKER: *I requested the court to "appoint me a sit-in-attorney in an advisory capacity. Yes"*(Bold and italics added for emphasis.)

According to <u>Carnley v. Cochran</u>, 369 U.S. 506, 82, S.Ct. 884, 8 L.Ed. 2d170 (1962), the record must show, or there must be an allegation and evidence which shows, that the accused was offered counsel but intelligently and understandingly rejected the offer, and any thing else is not a waiver of right to counsel. As the record here shows, appellant was not denied his requested counsel, as asserted, nor had he been arraigned, he could not possibly waived the right understandingly or intelligently, according to law, because the court never asked appellant whether or not he waived his right to counsel, the burden of proof is on the state, not the appellant. Ala R. Crim Proc. 6.1 (b), Rule 14. and Art. I § 6 Ala. Const. 1901. If the record is not clear as to the defendant's waiver and request of self-representation, the burden of proof is on the State, <u>Carnley</u>. The appellant never asserted an unequivocal right to self-representation nor did he waive his Constitutional right to appointed counsel. Unlike <u>Faretta</u>, who weeks before his trial clearly and unequivocally declared to trial judge that he wanted to represent himself and did not want counsel. Unlike <u>U.S. v. Cash</u>, 47 F.3d 1083 (1995) who responded with the following regarding his waiver:

> THE COURT:. . . "What is it you want to do, Mr. Cash? Having heard those things and me having told you how the situation is going to be at trial, do you still want to try to represent yourself?
>
> THE DEFENDANT: I would pray that you please give me the right to represent myself, sir.

Likewise, in <u>Fitzpatrick v. Wainwright</u>, 800 F. 2d 1057, 1065-67 (11th Cir. 1986), the defendant unequivocally stated:

> Q:   Mr. Fitzpatrick, so the record can be crystal clear, are you now saying that you need counsel?
>
> A:   No, I am not saying I need counsel.
>
> Q.   So, you fully understand your rights to have an attorney, and knowing that you waive that?
>
> A:   Yes, at ten eighteen, July 12[th], I waive that right.

According to <u>Blacks Law Dictionary</u>, Sixth Ed. West Group 1990, Unequivocal is defined as:

> "Clear, Plain; capable of being understood in only one way, or as clearly demonstrated. Free from uncertainty, or without doubt; and when used with reference to the burden of proof, it implies proof of the highest possible character and it imports proof of the nature of mathematical certainty."

Despite the court's assertion, "It is apparent from a reading of the transcript of the <u>Faretta</u> hearing that Baker was seeking standby counsel but that he intended to represent himself. The record only shows appellant stating, "well I will request, your honor have a sitting attorney, but I am planning to represent myself before the jury. That is what I plan to do" (R. 18). To satisfy itself as to validity of waiver of right to counsel, trial court is required do more than just ask pro forma questions; it should explain difficulties inherent in any criminal trial, including inform defendant of charges, included offenses, and possible range of punishment, (U.S.C.A. Const. Amend. 6). Here, as the record show, just the opposite occurred

on the very day of the trial, (emphasis added), the court failed to arraign appellant

prior to "pro forma" questions; he failed to explain the disadvantages of self-

representation and difficulties inherent in 'any criminal trial, and the possible

punishment." As stated in <u>Stokes v. Singletary</u>, 952 F. 2d 1567 (11th Cir. 1992),

the voluntary, knowing, and intelligent waiver of the right of counsel has two

distinct dimension. First, the relinquishment of the right must have been voluntary

in the sense that is the product of a free and deliberate choice rather than

intimidation, coercion or deception. Second, the waiver must have made with a

full awareness both of the nature of the right being abandoned and the

consequences. As the record clearly shows, appellant request for counsel went

unanswered the court did not deny appellant's request, and the prosecution's

proposed order and motion is never answered. As stated above, the relinquishment

must have been voluntary in the sense that it was the product of free and deliberate

choice rather than deception. According to Ala R. Crim Proc. 6.1 (b) and the

Alabama Constitution of 1901 Art. I §6 respectively;

> "At the time of accepting a defendant's waiver of the right to
> counsel, the court shall inform the defendant that the waiver may be
> withdrawn and counsel appointed or retained at any stage of the
> proceedings. When a defendant waives the right to counsel, the court
> may appoint an attorney to advise the defendant during any stage of
> the proceedings."

> "That in all criminal prosecutions, the accused has a right to be heard
> by himself and counsel, or either" . . . Art. I §6. Ala. Const. 1901

By asserting the right to counsel, only rarely will standards for determining

whether defendant understood risks of self-representation be satisfied absent

hearing at which defendant is <u>expressly advised of the risks</u> and disadvantages of self-representation, again appellant was unaware of difficulties inherent in his criminal trial, and the court made no attempts to remedy appellant's ignorance.

In as much as the court shifts the burden of proof to appellant, appellant must show by a preponderance of the evidence that he did not knowingly, intelligently, and voluntarily waive his right to counsel; the court citing the factors outlined in <u>United States v. Cash</u>, 47 F. 3d 1083 (11th Cir.1995), <u>Fitzpatrick v. Wainwright</u>, 800 F. 2d 1057, 1065-67 (11th Cir. 1986), asserts, (1) Baker asserted he had a degree as a paralegal, (2) there is no indication in the record that his waiver was affected by and physical or mental impairments or by drug or alcohol, (3) that appellant had a clear understanding of the nature of the charge, the defenses applicable to the charges, and possible penalties he faced if convicted, (4) that pleadings and motions filed and the references to applicable legal theories and rules of procedure indicate appellant had an awareness of the legal process and legal procedure, (5) that there is no evidence indicating mistreatment or coercion, (6) that the court declined to appoint standby counsel, but the lone reason given was appellant's perception that the trial judge was biased against him. The court concluded, based on the factors, and the totality of the circumstances, appellant failed to demonstrate by a preponderance of the evidence that he did not knowingly, intelligently, and voluntarily waive his right to counsel.

Despite this court's stated reasons, citing <u>U.S. v. Cash</u>, and <u>Fitzpatrick v. Wainwright</u>, the appellants had been afforded appointed and retained counsels

prior to their trials. In _Cash_, for example, at the arraignment and in the presence of his 'appointed counsel" indicated orally that he wished to represent himself. On August 31, 1993, his "retained counsel" filed a motion to continue and on September 13, 1993, the date of trial appellant requested the withdrawal of his retained counsel, and requested to proceed pro se, the court held colloquy with appellant and he proceed to represent himself. Incidentally, _Cash_ education and background indicates he was a self-styled Reverend, was 36 years old, had a degree in business administration, he claimed to have legal training resulting from "self-taught study and research, and worked as a self-employed legal consultant for seven years, earning approximately $30,000 a year. (2) He had contact with an appointed lawyer, and two retained lawyers prior to trial. (3) He stated that he understood his case, the charges against him, and the sentence he might face. (4) he demonstrated knowledge of courtroom procedure, the roles of the participants, the types of pleas he could make and appropriate courtroom behavior, the record also indicates, Mr. Cash has a good level of knowledge about courtroom procedures due to his previous work as a legal consultant. (5) Appellant had no prior experience in criminal trials. (6) The district court asked that one of appellant's retained lawyers remain available in the courtroom "to consult with Mr. Cash or to take over his defense if he changes his mind or needs to talk to you." (7 and 8) Appellant made no allegation of mistreatment or coercion and there was no indication that appellant waived counsel in order to manipulate the proceedings.

Likewise, *Fitzpatrick* who had no previous involvement in criminal trials and was not provided stand-by counsel understood the disadvantages of self-representation because petitioner was a experienced stockbroker, had taken college courses, had no physical or mental affliction and "had significant contact with attorneys prior to trial which gave him some indication of difficulty of self-representation." In his case, *Fitzpatrick* appeared with private counsel for his release and initial discovery proceedings, counsel withdrew, and another private counsel appeared but, because of insufficient liquid assets, that counsel withdrew, however, another private attorney filed notice of appearance April 13, 1982. On May 3, 1982, *Fitzpatrick* indicated that yet another attorney would likely appear for the trial. The prosecution filed motion, asserting, Fitzpatrick was using the attempts to retain attorneys as a delay tactic. The court ordered *Fitzpatrick* to retain counsel by May 28, 1982 or represent himself. Finally, *Fitzpatrick* signed a waiver of counsel form and expressly waived the right to counsel on the record:

Q:    Mr. Fitzpatrick, so the record can be crystal clear, are you now saying that you need counsel?

A:    No, I am not saying I need counsel.

Q.    So, you fully understand your rights to have an attorney, and knowing that you waive that?

A:    Yes, at ten eighteen, July 12th, I waive that right.

Here, the appellant's background and education shows:

(1) Appellant at the time of trial, February 23, 2003, appellant was undergoing a comprehensive individual rehabilitation plan for service-connected injuries since

August 2000, he received an Associate degree in applied Science as a legal assistant, on August 8, 2003, and his paralegal certificate from Enterprise Junior College, Enterprise, Alabama. Currently, appellant is student at Auburn University as of October 11, 2005, pursuing a degree in justice and public safety, The record shows appellant is physically handicapped and suffers from diabetes with frequent occurrences of hypoglycemia requiring strict medication regiments, 1000Mg Metformin HCL, twice daily and 5Mg Glybruide three times, he suffers from eye problems associated with diabetes requiring medication mornings and nightly, he suffers from service connected injuries, requiring Tramadon HCL 50Mg, Etodolac 300 Mg, and Methocarbamol 750 Mg, for the pain and Hydroxyzine Pamoate 25Mg for anxiety attacks (V.A. Medical Center Montgomery, Al). (CR. 747-49), further, the previous district attorney for the 12th judicial circuit, states, appellant is "garbabe from a dope community" that he is a convicted drug dealer and abuser" (CR. 27-30).

(2) Appellant had no contact with attorneys prior to trial, as he was never afforded the right prior to his trial date, even though a status conference was conducted. Appellant had not been arraigned and his jury had been selected and given instruction prior to the arraignment.

(3) Despite the court's assertion, appellant was unaware of the nature of the charge and the possible defenses and penalties he would face if convicted for $5.00 in damage for criminal mischief third degree, furthermore appellant was not aware he could testify in his behalf which resulted in the jury guilty verdict herein. He was

not informed he would be expected to conform to the court rules and procedure, as seen by the numerous colloquies, prior to and during trial which resulted in the summoning of four sheriff deputies to remain inside the overcrowded courtroom. According to the Eleventh Circuit precedent for determining validity of waiver of the right to counsel, granted on the very day of trial, is, whether court question defendant regarding his knowledge of the charge and potential penalties he faced, and whether there was an inquiry into defendant's knowledge of courtroom procedure and evidentiary rules, <u>Cash</u>.

(4) The court concludes, that the pleadings and motions appellant filed and the references to applicable legal theories and rules indicates appellant had an awareness of the process and procedure, notwithstanding, William B. Pearson, Aka "Madlock" (a jailhouse lawyer) drafted appellant's pre-trial motions and pleadings and provided the authorship of the many complaints the court referenced. Appellant had limited knowledge or understanding of the rules of procedure in criminal cases. As the court referenced the numerous complaints and other unrelated civil matters, most if not all are hand written and co-authored by other persons and signed by appellant and others to the complaints.

(5) Appellant had no personal experience in criminal trials prior to February 23, 2003. The record does shows a pre-trial status conference ordered by the court (Cr. 534), the record indicate the trial judge was assigned the case on June 20, 2003, (Cr.530) and that he ordered Defendant's motion to dismiss complaint be heard at said status conference, however, the special judge and special prosecutor engaged

in inappropriate actions and established new rules of procedure, the record shows appellant's motions, "demand for hearings on motions" and "objection to the court's common practice" regarding the alleged status conference. The record shows the judge appeared without his court reporter and the status conference was in fact a rouge to encompass the prosecution's motion to dismiss appeal, motion to quash motion to appeal in forma pauperis (CR. 505-07, 522-23). Appellant's was not notified of the hearing until September 3, 2003, with the status conference and motion to dismiss complaint to be held September 4, 2003. The record shows that the judge assigned the case was the presiding judge of 20th judicial circuit of Alabama and the prosecutor was the District Attorney of the 33rd Circuit of Alabama assigned responsibility of misdemeanor cases. The record shows all district and circuit judges of the twelfth Judicial circuit recusals, as well as the district attorney and all assistant district attorneys. The record clearly shows two volumes of complaints directed at the complaining witness and court officials. The record shows the previous recusal of the trial judge herein and a causal link with the complaint witness. The record also shows appellant sentence, which if compared to Ex parte Shelton, 851 So. 2d 96 (Ala. 2000), an assault of person resulting in $516.99 in treatment for injuries sustained is considered less serious than $5.00 in damage to a steak during a party at the public's courthouse. The record also shows the names of eleven attorneys practicing law in Pike County complained on with the Alabama Disciplinary Commission (Cr. 25-26). Appellant notes with particularity the Court's statement: "Baker disrupted a Labor Day

holiday cookout for employees of the Pike County Sheriff's Department and county courthouse personnel in the "parking lot of the county courthouse." (See also Cr. 41, 42, 43-48, 59-63). The long documented history and character of the prosecution herein is analytical to the mistreatment, coercion, and deceptions against appellant in Pike County, Alabama.

(6) To satisfy this factor, the court asserts "although the trial court declined to appoint standby counsel to assist appellant should the need arise, the lone reason appellant gives was his perception that the trial judge was biased. As specially noted in Carnley, "The Court held that when the Constitution grants protection against criminal proceedings without the assistance of counsel, counsel must be furnished "whether or not the accused requested the appointment of counsel", right to be furnished counsel does not depend on a request." Here, the record does indicate where the court declined to appointed standby counsel as stated by the court, nonetheless, the record does show the abrupt transition from the issue to the prosecution proposed order and appellant weary and unknowing deception/relinquishment without any indication directed to the request. Appellant's perception is grounded in past and present occasions of fraud and judicial and prosecutorial misconduct. It was not the appellant's perception that occasioned the recusal of the trial judge in Houston County Case CV-97-509-A, rather, the relationship to Pike County Case DV-97-43 and the attorneys therein complained of. The record documents, by sworn affidavits from numerous individuals other than appellant, and undisputed by officials in charge of the

administration of impartial justice, gives a just bases in fact. Further, prior to trial appellant requested the trial judge "disclose any possible basis for judicial recusal" (CR. 531-33). Appellant's motion to dismiss complaint based on selective prosecution, for example, was ordered to be heard at the status conference, which was no more than a cover for the prosecution's motions to "DISMISS APPEAL" (CR. 505-523). Interestingly, appellant was not notified that the status conference would also include appellant's Motion to dismiss complaint until September 3, 2003, less than 12 hours prior to the hearing, nevertheless, with assistance from Pearson above, appellant was able to subpoena witnesses to appear, however, the court then appeared without court reporter for obvious reasons herein indicated. As the record here clearly indicates, contentions of judicial and prosecutorial misconduct are all encompassing and the issues herein furthers the righteous perceptions of reasonable persons, "better that one man should be made guilty, than justice be exposed."

(7)    The court refused to appoint counsel, even after numerous request of appellant. The Alabama Constitution Art. I §6 provides the accused has a right to be heard by himself and counsel, or either. Further, the Alabama Rules of Criminal Procedure Rule 6.1 (b) provides: "When a defendant waives the right to counsel, the court may appoint an attorney to advise the defendant during any state of the proceedings. An unknowing appellant is at least, according to the Alabama Constitution and the Alabama Rules, entitled to a ruling on the numerous requests for advisory attorney, especially so when entering a plea at arraignment, <u>Coleman</u>

v. Alabama 399 U.S. 1, 8-10, 90 S.Ct. 1999, 26 L Ed.2d 387 (1970), Weakley v. State, 721 So. 2d 235 (Ala.1998).

(8)    Clearly appellant was not trying to manipulate the trial, but instead was manipulated/deceived by a pervasive design.

The record is clear, if the relinquishment occurred, the burden is on appellant to come forth with a preponderance of proof. The record shows the factor relied on to shift the burden of proof to appellant fall short of Eleventh Circuit precedent. On the other hand, If the record is not clear as to Appellant's waiver and request of self-representation, the burden of proof is on the state. Here, appellant never asserted the clear and unequivocal right to represent himself required in Carnley, and Westmoreland. The record here shows appellant was manipulated into his decision without any indication whatsoever by the court and that any decision to proceed pro se was the result of unknowing, unintelligent, and involuntary decision. Respectfully submitted in good faith.

I hereby certify that access to equipment capable of producing font style Courier New 13 is not reasonably available and that the font style used constitutes the closest approximate of Courier New 13 under the circumstances.

Done this the 11th day of October 2005.

_____

Jeffery Baker Jr, Appellant
1353 County Road 3348
Brundidge, Al 36010
(334) 735-3548

No. CR-04-0068

In the COURT of CRIMINAL APPEALS
of ALABAMA

JEFFERY BAKER,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

On Appeal From the Circuit Court
of Pike County (CC-03-249)

## BRIEF OF APPELLANT

Troy King
*Attorney General*

Andy S. Poole
*Assistant Attorney General*

Cecil G. Brendle Jr.
*Assistant Attorney General*
Counsel of Record*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7401, 242-7300*

May 6, 2005

## STATEMENT REGARDING ORAL ARGUMENT

The issues raised in the present appeal are adequately addressed in the State's brief and therefore oral argument is not necessary or requested.

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT............................ i

TABLE OF CONTENTS......................................... ii

TABLE OF AUTHORITIES.................................... iii

STATEMENT OF THE CASE.................................... 1

ISSUE PRESENTED FOR REVIEW.............................. 2

STATEMENT OF THE FACTS.................................. 2

STANDARD OF REVIEW...................................... 7

SUMMARY OF THE ARGUMENT................................. 8

ARGUMENT................................................ 8

  Baker Knowingly, Intelligently, And Voluntarily Waived
  His Right To Counsel. .................................. 8

CONCLUSION............................................. 11

CERTIFICATE OF SERVICE................................. 12

## TABLE OF AUTHORITIES

**Cases**

Coughlin v. State, 842 So. 2d 30 (Ala. Crim.
  App. 2002) .......................................... 9

Faretta v. California, 422 U.S. 806 (1975) .............. 10

Moody v. State, 888 So. 2d 532 (Ala. Crim.
  App. 2003) .......................................... 10

## STATEMENT OF THE CASE

This is an appeal from a conviction of Appellant, Jeffery Baker, Jr., for criminal mischief in the third degree in the Circuit Court of Pike County.

On September 11, 2002, a complaint was filed against Baker charging him with criminal mischief in the third degree, in violation of Section 13A-7-23, Code of Alabama (1975). He was arrested on September 17, 2002. (C. 392-398, 496) Baker filed numerous pro se pleadings, including those that caused the district attorney and district court judge to be recused. (C. 400-491) On April 30, 2003, Baker was found guilty in district court of criminal mischief in the third degree and sentenced to costs and fines. (C. 492-493)

Baker appealed to the Pike County Circuit Court. (C. 494) Baker again filed numerous pleadings and, on February 23, 2004, a hearing was held before trial during which Baker expressed his desire to represent himself. He was granted the right to represent himself by the trial court. (R. 17-23) On February 27, 2004, the jury returned a verdict of guilty to the charge of criminal mischief in the third degree. (C. 810; R. 420) On October 7, 2004, Baker

was sentenced to 180 days, suspended with 30 days to serve. (SR. 55)

## ISSUE PRESENTED FOR REVIEW

Did Baker knowingly, intelligently, and voluntarily waive his right to counsel?

## STATEMENT OF THE FACTS

During the district court proceedings and circuit court proceedings, Baker filed numerous pleadings on his own behalf. (C. 2-814) When the case moved to circuit court, the State filed a "Motion For Hearing On Issue Of Defendant Representing Himself", citing Baker's able representation of himself in pleadings. (C. 462) This issue was taken up at a motion hearing where the following occurred:

THE COURT: While we are on the subject, Mr. Baker; I am sure that one of the judges in Pike County informed you that you have a right to an attorney and that if you cannot afford one one will be appointed for you by the Court. Have they not?

MR. BAKER: I believe, Your Honor, in this case you are the only judge that has, that I have been before.

THE COURT: You had a District Judge.

2

MR. BAKER:  I am before you now.  What happened in the District Court is irrelevant here.

THE COURT:  Let me inform you then.

MR. BAKER:  Okay.

THE COURT:  You understand that you have a right to an attorney as this is a criminal prosecution?

MR. BAKER:  I understand that.

THE COURT:  And that if you cannot afford one, one will be appointed for you by the Court.

MR. BAKER:  I have an Affidavit of Substantial Hardship in the Record, Your Honor, that you have not ruled on.

THE COURT:  Are you seeking an attorney?  Are you requesting an attorney be appointed to represent you in this case?

MR. BAKER:  It would all depend on who, which attorney you are talking about.

THE COURT:  It is not an attorney of your choosing.  Are you requesting this Court appoint an attorney?

MR. BAKER:  Not at this time, Your Honor.

THE COURT:  Well, there is not going to be another time.  So, either we are going to stop and I am going to appoint an attorney for you, if you are requesting it.

MR. BAKER:  Well, I will request, Your Honor, have a sitting attorney, but I am planning to represent myself before the Jury.  That is what I plan to do.

MR. WHIGHAM:  If it please the Court; judge, we have a pending motion that is in effect a Ferret

3

(sic) Motion of self representation and possibly that should be taken up now.

THE COURT:  I agree.

MR. WHIGHAM:  We didn't have one of those in the District Court.  I am not sure it is in order.  I did take the liberty to prepare a proposed order.

THE COURT:  Correct.

MR. WHIGHAM:  Of course, the State does not object to Mr. Baker representing himself.

MR. BAKER:  In that case, Your Honor, I waive all of that and submit to the Court that I am a paralegal.  I have legal experience.  I have represented myself in other matters.  I am fully capable of representing myself in this case. However, however, being is that Your Honor has demonstrated a bias toward me, I would suggest we have a sitting attorney.

THE COURT:  Mr. Baker, be careful.

MR. BAKER:  I stated - - -

THE COURT:  I will not tolerate any outburst from you.  And, I will not tolerate your language.  Do you understand?  So, be careful; there is no bias here.

MR. BAKER:  Well, Your Honor - - -

THE COURT:  Not everybody is against you, Mr. Baker.

MR. BAKER:  Your Honor, you have proper jurisdiction of authority, then show me the deposition by which you could sit on this case pursuant to Section 15-7-2?  You don't have authority here.

4

THE COURT:  Mr. Baker, Mr. Baker, I have authority here and we are going forward and I am not going to argue with you.  I think I have made that point clear, have I not?

MR. BAKER:  You have, sir.

THE COURT:  Okay.  All right.  Let me ask you this, Mr. Baker.  You have a high school education?  Is that correct?

MR. BAKER:  College degree, Your Honor.

THE COURT:  Oh, I was going to ask that.  You have gone on to college?

MR. BAKER:  Yes, sir.

THE COURT:  You attended where?

MR. BAKER:  Various universities in this area.

THE COURT:  Okay.  Did you get a degree?

MR. BAKER:  Yes, sir.

THE COURT:  In what?

MR. BAKER:  Legal Assistant.  Paralegal.

THE COURT:  You have a degree from whom?

MR. BAKER:  From various universities that I have attended.

THE COURT:  Well, somebody had to give you a degree.  These are not trick questions.

MR. BAKER:  Your Honor, I have admitted that I am intelligent enough to represent myself in these matters.  I think I demonstrated that through my motions.  I waive it.  He waived it.  I don't have - - - I am going through this matter with an intelligent and legal knowledge of my rights.

THE COURT:  So, you don't want an appointed attorney?  Is that correct?

MR. BAKER:  I requested the Court to appoint me a sit-in attorney in an advisory capacity.  Yes.

THE COURT:  Well, I will appoint an attorney to represent you, but I am not going to appoint an attorney just to sit here.  Now either he is going to represent you or he is not.  You can't have it both ways.

MR. BAKER:  Well, Your Honor, then let's proceed to the next issue on your agenda.

THE COURT:  Okay.  All right.  Mr. Whigham; anything?

MR. WHIGHAM:  Judge, may I approach the Bench?  I have noticed Mr. Baker with it and also a copy in the Court File.  For the convenience of the Court, there is a copy of a proposed order that I think addresses the issue brought forth in Ferret and also the two fairly recent Alabama cases that addressed the same issue.

THE COURT:  You have given Mr. Baker one?

MR. WHIGHAM:  I have previously given him one.

MR. BAKER:  I have received it, Your Honor.

THE COURT:  Okay.  What is the State's position regarding a, I don't know, sit-in-attorney, if you will?

MR. WHIGHAM:  Judge, that, if you - - - he has a choice of going the route of self representation.  And, on a case of the level of these two misdemeanors, that it is not, it is not required that the State give a sit-in-attorney when he has asked to represent himself and is certainly capable of representing himself.

6

MR. BAKER:  On that same issue, Your Honor, if I may be allowed to speak?

THE COURT:  Are you through, Mr. Whigham?

MR. WHIGHAM:  Yes, sir.

THE COURT:  Yes, Mr. Baker.

MR. BAKER:  I am, if I may be allowed to speak; the position of the State in other cases that I am aware of, that when a pro se individual, who is unlearned in the law asks for a sit-in-attorney, it is granted with the express stipulation that the attorney and the pro se individual not be questioning the witness at the same time or if one is questioning, the other will not or something to that effect.  And, I think that is the way it has been in case law that I have discovered that has been addressed by it.

THE COURT:  Do you want to present a case to me?

MR. BAKER:  No, sir.  You can rule on it.  It is up to you and I will make an objection and we can move on and we will take it on up on appeal.

(R. 17-23)

## STANDARD OF REVIEW

A trial court's decision following a <u>Faretta</u> hearing is reviewed for abuse of discretion.  <u>Ford v. State</u>, 515 So. 2d 34, 43 (Ala. Crim. App. 1986).

7

## SUMMARY OF THE ARGUMENT

At the _Faretta_ hearing it is clear that Baker unequivocally waived his right to be represented by counsel, and that as a trained paralegal he knowingly, intelligently, and voluntarily waived his right to counsel. Moreover, as to Baker's claim that he requested a standby or sit-in counsel, it is clear that Baker insisted that he be allowed to control the trial. He is not entitled to such hybrid representation. _Moody v. State_, 888 So. 2d 532, 560 (Ala. Crim. App. 2003). When given the choice to have counsel appointed to represent him or to represent himself, Baker chose to represent himself.

## ARGUMENT

**Baker Knowingly, Intelligently, And Voluntarily Waived His Right To Counsel.**

Baker alleges on appeal that he never asserted a clear and unequivocal right to self representation. "Whether a defendant who chooses to represent himself has knowingly, intelligently and voluntarily waived his right to counsel can be indicated by the record or by the totality of the

circumstances surrounding the waiver." <u>Coughlin v. State</u>,

842 So. 2d 30, 32 (Ala. Crim. App. 2002).

When the court asked if Baker wanted an attorney to be

appointed to represent him, he replied "not at [that]

time." (R. 18) Baker then requested an appointment of a

"sitting" attorney in this misdemeanor case, but stated he

was planning on representing himself. (R. 18) He then

turned around and waived that, pointing out that he was a

trained paralegal with legal experience who was fully

capable of representing himself; but, because the judge was

allegedly biased toward him, Baker suggested there be a

sitting attorney. (R. 19) Baker stated he had a

university degree as a paralegal. (R. 20) Baker stated he

was intelligent enough to represent himself in this

misdemeanor case and had demonstrated such through his

motions. He then stated, "I waive it", referring to right

to counsel and said, "I am going through this matter with

intelligent and legal knowledge of my rights." (R. 21) He

then again requested a sit-in-attorney to advise him; and

the court told Baker it would appoint an attorney to

9

represent him but not to just sit there.[1]  Baker told the
court to just proceed.  (R. 21)

Baker's argument is that he requested counsel to sit
there while he conducted the trial; therefore, his waiver
of counsel was not clear and unequivocal.  The record,
however, reflects that, when given the choice of
representing himself or having counsel do it, he waived
counsel and insisted on representing himself.  This Court
has held that "[w]hile a defendant has a right to be
represented by counsel or to represent himself, he is not
entitled to a hybridized representation of his own design."
Moody v. State, 888 So. 2d 532, 560 (Ala. Crim. App. 2003).

It is clear, based upon the record and the totality of
the circumstances, that Baker knowingly and intelligently
waived his right to counsel.  When given the choice of
representing himself or having counsel represent him, he
clearly and unequivocally waived counsel.  See Faretta v.
California, 422 U.S. 806 (1975); Coughlin, 842 So. 2d at
31-32.

---

[1] The appointment of standby counsel is not constitutionally
mandated but rests within the discretion of the trial
court.  Moody v. State, 888 So. 2d 532, 559 (Ala. Crim.
App. 2003).

10

## CONCLUSION

The trial court did not abuse its discretion in permitting Baker to waive his right to counsel. Therefore, the present appeal is due to be affirmed.

Respectfully submitted,

Troy King
*Attorney General*

Andy S. Poole
*Assistant Attorney General*

Cecil G. Brendle, Jr.
*Assistant Attorney General*
Counsel of Record *

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May, 2005, I served a copy of the foregoing on the attorney for Baker, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

Jeffrey C. Robinson
P. O. Box 910
626-A Alabama Avenue
Selma, AL  36702-0910


_____
Cecil G. Brendle, Jr.
*Assistant Attorney General*
Counsel of Record *


State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, AL  36130-0152
(334) 242-7401, 242-7357 *


200878/71849-001

12



COPY

FILED

APR 0 8 2005

CLERK
ALA COURT CRIMINAL APPEALS

CRIMINAL APPEALS CASE No.:  CR-04-0068

STATE OF ALABAMA                    JUDICIAL DEPARTMENT

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA


JEFFERY BAKER,                    <>
                                  <>
      APPELLANT,                  <>
                                  <>
VS.                               <>
                                  <>
STATE OF ALABAMA,                 <>
                                  <>
      APPELLEE.                   <>

---

On Appeal from the Circuit Court
of Pike County, Alabama
Case No.: CC-2003-249
Honorable Judge Larry K. Anderson, presiding,
by appointment

---

BRIEF OF APPELLANT
JEFFERY BAKER, JR.

---

Submitted By:

Jeffrey C. Robinson (ROB122)
Counsel for Appellant/Petitioner
Post Office Box 910
626-A Alabama Avenue
Selma, AL 36702-0910
(334) 877-1011

ORAL ARGUMENT REQUESTED

CRIMINAL APPEALS CASE No.:  CR-04-0068

STATE OF ALABAMA                    JUDICIAL DEPARTMENT

IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

JEFFERY BAKER,                 <>
                               <>
    APPELLANT,             <>
                               <>
VS.                            <>
                               <>
STATE OF ALABAMA,              <>
                               <>
    APPELLEE.              <>

---

On Appeal from the Circuit Court
of Pike County, Alabama
Case No.: CC-2003-249
Honorable Judge Larry K. Anderson, presiding,
by appointment

---

**BRIEF OF APPELLANT
JEFFERY BAKER, JR.**

---

Submitted By:

Jeffrey C. Robinson (ROB122)
Counsel for Appellant/Petitioner
Post Office Box 910
626-A Alabama Avenue
Selma, AL 36702-0910
(334) 877-1011

ORAL ARGUMENT REQUESTED

## STATEMENT OF JURISDICTION

Pursuant to **Rules 28(a)(3)** of the **Alabama Rules of Appellate Procedure**, this section is inapplicable since this is a brief in a criminal case.

## TABLE OF AUTHORITIES AND CASES

**Page**

Carnley v. Cochran, 39 U.S. 506, 82 S.Ct.
      (884 U.S. Fla. 1962)...................................................... 22


Faretta v. California, 422 U.S. 806, 95 S.Ct.
      2525, 45 L.Ed.2d 562 (1975)............................................ 5,22


Jenkins v. State, 482 So.2d 1315 (Ala.Cr.App.1985) 1,5,
                                                   7,8
                                                   &22


Stanley v. State 703 So. 2d 1027............................................ 19,21
                                                   &22

Westmoreland v. City of Hartselle, 500 So.2d
      1237 1328 (Ala. Cr. App. 1986)................................... 5-9,
                                                   18,
                                                   &22

## CODE SECTIONS

Section 13A-7-23 of the Code of Alabama 1975  1.

Section 15-7-2 of the Code of Alabama 1975......... iii.

## STATEMENT OF THE CASE

This is a case which was appealed from the Circuit Court of Pike County, 12th Judicial Circuit, for **Criminal Mischief, 3rd**, in violation of the ***Code of Alabama, Section 13A-7-23***, the Honorable Larry K. Anderson, presided, by special appointment. The Defendant was found guilty with a sentence imposed of 180 days in jail with all but 30 days suspended plus fines and costs; Defendant represented himself pro se, without counsel, and ***without intelligently, voluntarily and knowingly waiving his Constitutional right to counsel by asserting a clear and unequivocal right to self representation. Jenkins v. State, 482 So.2d 1315 (Ala.Cr.App.1985)*** (Bold and italics added for emphasis.) Indeed, the Appellant, on at least four instances, requested that the Court appoint him Counsel for assistance; clearly, this request is completely antithetical to an assertion of a clear and unequivocal right to self representation.

1

## STATEMENT OF THE ISSUES

ISSUE I. WHETHER THE APPELLANT VOLUNTARILY, KNOWINGLY, AND INTELLIGENTLY WAIVED HIS CONSTITUTIONAL RIGHT TO COUNSEL BY ASSERTING A CLEAR AND UNEQUIVOCAL RIGHT TO SELF REPRESENTATION?

ANSWER:  NO

## STATEMENT OF THE FACTS

This matter was originally tried in the District Court of Pike County where the Defendant was found guilty. The Defendant appealed that conviction to the Circuit Court of Pike County. The presiding judges in the 12th Judicial Circuit of Pike County recused themselves from this matter, and by special appointment, Judge Larry K. Anderson, was appointed to hear this matter. The case was tried before a jury with the Appellant representing himself pro se and without Counsel after he requested assistance for Counsel and after the Court refused to appoint the Appellant a "sitting" attorney to assist him with his defense. Indeed, at the very start of the trial, Appellant requested four times, at least, the Court appoint a "sitting" attorney for assistance but was summarily denied each time. After the denials of by the Court of an appointed attorney to assist Appellant, several motions were heard by the Court immediately after the denials and during the proceedings in this matter, with many, if not all, being denied. Moreover, during the trial, several objections by the Appellant were also

denied. The Appellant was convicted of Criminal Mischief 3rd and sentenced to 180 days in jail with all but 30 days suspended and court cost and fines. The Appellant appealed. (CR-Volume 1 of 7)

## STATEMENT OF THE STANDARD OF REVIEW

**Issue I** Presented herein deals with a whether the Defendant *knowingly, intelligently and voluntarily waived his Constitutional right to counsel by asserting a clear an unequivocal right to self representation.* (Bold and italics added for emphasis.) The standard of review as stated in **Faretta v. California 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562(1975)** and its progeny, **Westmoreland v. City of Hartselle, 500 So. 2d 1327 1328 (Ala.Cr.App.1986),** says, **"a waiver of counsel can only be effectuated when the Defendant asserts a 'clear and unequivocal' right to self representation."** (Bold and italics added for emphasis.) In this matter, the Appellant requested, four times, at least, from the Court the assistance of Counsel but was summarily denied each time. Moreover, the Appellant never *knowingly, intelligently and voluntarily waived his Constitutional right to Counsel*, but, in no uncertain terms, asked the Court to appoint Counsel for assistance. **Jenkins at 1316, supra.**

(Bold and italics added for emphasis.) Further, as noted in ***Westmoreland at 1327, supra,*** the Appellant never asserted **"a clear and unequivocal right to self representation"** because he specifically requested, four times, at least, that the Court appoint him the assistance of an attorney. (Bold and italics added for emphasis.)

## SUMMARY OF THE ARGUMENT

ISSUE I. Issue I involves an Appellant/Defendant's **_knowingly, intelligently_** and **_voluntarily waiving his Constitutional right to counsel._** **Jenkins at 1316, supra.** (Bold added for emphasis.) Indeed, the Appellant/Defendant must assert a **_"clear and unequivocal right to self representation."_** **_Westmoreland at 1327, supra._** (Bold and italics added for emphasis.) In the present case, the Appellant/Defendant clearly and uncontrovertedly asked the Court to appoint a sit-in counsel to assist in his representation. (CR-18, 19, 21, 22 & 23). The record clearly shows that the Appellant/Defendant asked for assistance in his representation but was summarily denied each time by the Court and was forced to move forward with his case. This denial, in turn, led to the demise of Appellant's case. Thereafter, without the assistance of the requested Counsel, the Appellant was unable to present very few sustainable arguments, present the proper issues, form questions concisely, and propose and argue pertinent motions and objections; hence, the denial of the assistance of requested Counsel snowballed any

7

chance the Appellant had of a successful and fair trial and defense. (CR-Volume 1 & 2 of 7). Furthermore, there was not any waiver at all – really, there was never a **"clear and unequivocal assertion of the right to self representation"** – of the assistance of counsel. **Westmoreland at 1327, supra.** (Bold and italics added for emphasis.) To the contrary, and upon the Court's insistence, the Defendant was forced to continue the trial and represent himself pro se, without the assistance of requested-appointed Counsel. In short, the Appellant did not **knowingly, intelligently and voluntarily waive his Constitutional right to counsel;** **Jenkins at 1316, supra.** Indeed, the Appellant was forced by the Court to move forward and never asserted "a **"clear and unequivocal right to self representation." Westmoreland at 1327, supra.** (Bold and italics added for emphasis.)

## ARGUMENT (S)

**Issue I. Whether the Appellant voluntarily, knowingly, and intelligently waived his Constitutional right to Counsel by asserting a clear and unequivocal right to self representation?**

**Answer: No.**

In order for the Appellant to **voluntarily**, **knowingly** and **intelligently** (Bold added for emphasis) waive his Constitutional right to Counsel, as stated in *Westmoreland at 1327, supra,* "A waiver of Counsel can only be effectuated when the defendant asserts a 'clear and unequivocal' right to self-representation." Note the following colloquy between the Defendant and the Court:

THE COURT:    While we are on the subject, Mr. Baker; I am sure that one of the judges in Pike County informed you that you have the right to an attorney and that if you cannot afford one, one will be appointed for you by the Court. Have they not?

9

MR. BAKER:      I believe, Your Honor, in this case
                you are the only judge that has,
                that I have been before.

THE COURT:      You had a District Judge.

MR. BAKER:      I am before you, now. What happened
                in the District Court is irrelevant
                here.

THE COURT:      Let me inform you then.

MR. BAKER:      Okay.

THE COURT:      You understand that you have a right
                to an attorney as this is a criminal
                prosecution?

MR. BAKER:      I understand that.

THE COURT:      And that if you cannot afford one,
                one will be appointed for you by the
                Court.

MR. BAKER:      I have an Affidavit of Substantial
                Hardship in the Record, Your Honor
                that you have not ruled on.

THE COURT:      Are you seeking an attorney? Are you
                requesting an attorney be appointed
                to represent you in this case?

10

MR. BAKER:       It would all depend on who, which
                 attorney you are talking about.

THE COURT:       It is not an attorney of your
                 choosing. Are you requesting this
                 Court appoint an attorney?

MR. BAKER:       Not at this time, Your Honor.

THE COURT:       Well, there is not going to be
                 another time. So, either we are
                 going forward with the trial of
                 these cases or we are going to stop
                 and I am going to appoint an
                 attorney for you, if you are
                 requesting it.

MR. BAKER:       Well, *I will request, Your Honor,
                 have a sitting attorney,* but I am
                 planning to represent myself before
                 the Jury. (Bold and italics added
                 for emphasis.) That is what I plan
                 to do.

MR. WHIGHAM:     If it please the Court; judge, we
                 have a pending motion that is in
                 effect a Ferret Motion of self

                         11

|  |  |
|---|---|
|  | representation and possibly that should be taken up now. |
| THE COURT: | I agree. |
| MR. WHIGHAM: | We didn't have one of those in the District Court. I am not sure it is an order. I did take the liberty to prepare a proposed order. |
| THE COURT: | Correct. |
| MR. WHIGHAM: | Of course, the State does not object to Mr. Baker representing himself. |
| MR. BAKER: | In that case, Your Honor, I waive all of that and submit to the Court that I am a paralegal. I have legal experience. I have represented myself in other matters. I am fully capable of representing myself in this case. ***However, however, being is that your Honor has demonstrated a bias toward me, I would suggest we have a sitting attorney.*** (Bold and italics added for emphasis.) |
| THE COURT: | Mr. Baker, be careful. |

MR. BAKER:    I stated - - -

THE COURT:    I will not tolerate any outburst from you. And, I will not tolerate your language. Do you understand? So, be careful; there is no bias here.

MR. BAKER:    Well, Your Honor - - -

THE COURT:    Not everybody is against you, Mr. Baker.

MR. BAKER:    Your Honor, you have proper jurisdiction of authority, then show me the deposition by which you could sit on this case pursuant to Section 15-7-2? You don't have authority here.

THE COURT:    Mr. Baker, Mr. Baker, I have authority here and we are going forward and I am not going to argue with you. I think I have made that point clear, have I not?

MR. BAKER:    You have, sir.

THE COURT:    Okay. All right. Let me ask you this, Mr. Baker. You have a high school education? Is that correct?

MR. BAKER:    College degree, Your Honor.

THE COURT:    Oh, I was going to ask that. You have gone on to college?

MR. BAKER:    Yes, sir.

THE COURT:    You attended where?

MR. BAKER:    Various universities in this area.

THE COURT:    Okay. Did you get a degree?

MR. BAKER:    Yes, sir.

THE COURT:    In what?

MR. BAKER:    Legal Assistant. Paralegal.

THE COURT:    You have a degree from whom?

MR. BAKER:    From various universities that I have attended.

THE COURT:    Well, somebody had to give you a degree. These are not trick questions.

MR. BAKER:    Your Honor, I have admitted that I am intelligent enough to represent

myself in these matters. I think I demonstrated that through my motions. I waive it. He waived it. I don't have - - - I am going through this matter with an intelligent and legal knowledge of my rights.

THE COURT: So, you don't want an appointed attorney? Is that correct?

MR. BAKER: **_I requested the Court to appoint me a sit-in attorney in an advisory capacity. Yes._** (Bold and italics added for emphasis.)

THE COURT: Well, I will appoint an attorney to represent you, but I am not going to appoint an attorney just to sit here. Now either he is going to represent you or he is not. You can't have it both ways.

MR. BAKER: Well, Your Honor, then let's proceed to the next issue on your agenda.

THE COURT: Okay. All right. Mr. Whigham; anything?

Mr. Whigham:  Judge, may I approach the Bench? I have noticed Mr. Baker with it and also a copy of the Court File. For the convenience of the Court, there is a copy of a proposed order that I think addresses the issue brought forth is Ferret and also the two fairly recent Alabama Cases that addressed the same issue.

THE COURT:  You have given Mr. Baker one?

Mr. Whigham:  I have previously given him one.

Mr. Baker:  I have received it, Your Honor.

THE COURT:  Okay. What is the State's position regarding a, I don't know, sit-in-attorney, if you will?

MR. WHIGHAM:  Judge, that, if you - - - he has a choice of going the route of self representation. And, on a case of the level of these two misdemeanors, that it is not, it is not required that the State give a sit-in-attorney when he has asked to

16

represent himself and is certainly capable of representing himself.

MR. BAKER:    On that same issue, Your Honor, if I may be allowed to speak?

THE COURT:    Are you through, Mr. Whigham?

MR. WHIGHAM:  Yes, sir.

THE COURT:    Yes, Mr. Baker.

MR. BAKER:    I am, if I may be allowed to speak; the position of the State in other cases that I am aware of, that when a Pro Se individual, **who is unlearned in the law asks for a sit-in-attorney, it is granted with the express stipulation that the attorney and the Pro Se individual not be questioning the witness at the same time or if one is questioning, the other will not or something to that effect.** (Bold and italics added for emphasis.) And, I think that is the way it has been in case law that I have discovered that

has been addressed by it. (CR-17-
23).

Please note that in this colloquy, indeed, the record,
the Appellant requested the assistance of Counsel at
least four times in no uncertain terms. Indeed, the
Appellant never asserts a **"clear and unequivocal right
to self-representation,"** but asks the Court to appoint
someone to assist him in representation. ***Westmoreland
at 1327, supra.*** (Bold and italics added for emphasis)

Moreover, although he did have a Constitutional
right to an attorney, there is nothing in the record to
indicate that the Appellant had previously been
appointed counsel. In fact, on the eve of trial, the
Court informed the Appellant he had a right to counsel;
however, the Court insisted that the case was going to
be tried that day; hence, the following:

THE COURT: While we are on the subject, Mr.
Baker; I am sure that one of the
judges in Pike County informed you
that you have the right to an
attorney and that if you cannot

afford one, one will be appointed

for you by the Court. Have they not?

MR. BAKER:    I believe, Your Honor, in this case

you are the only judge that has,

that I have been before.

THE COURT:    You had a District Judge.

MR. BAKER:    I am before you, now. What happened

in the District Court is irrelevant

here.

THE COURT:    Let me inform you then.

MR. BAKER:    Okay. (CR-17-18).

Here, on the day of the trial is the only time the

appointment of counsel has been contemplated by the

Court. Although in **Stanley v. State 703 So. 2d 1027**

Counsel had been appointed and the Defendant sought to

dismiss that Counsel on the eve of the trial, the Court

reasoned that "the trial court should have (1) refused

to dismiss appellant's second appointed attorney; *(2)*

*appointed another attorney and continued case; or (3)*

*engaged in sufficient dialogue to discover if defendant*

*wished to represent himself, and, if so, determined if*

*defendant understood all implications of waiver."* (Bold

19

and italics added for emphasis.) In the present matter, the trial court insisted on moving ahead with trial even though the Defendant requested the assistance of sitting counsel.

Finally, the trial court informed the Appellant that the Appellant would be representing himself and there was not any choice in the matter. Even after the Appellant asked for an attorney to be appointed to assist him, the trial court refused and again stated the Appellant would be representing himself. The Appellant was attempting, although on the eve of the trial, for the Court to appoint counsel to assist him. Note the following:

> THE COURT:    Well, there is not going to be
> another time. So, either we are
> going forward with the trial of
> these cases or we are going to stop
> and I am going to appoint an
> attorney for you, if you are
> requesting it.
>
> MR. BAKER:    Well, I will request, Your Honor,
> have a sitting attorney, but I am

planning to represent myself before
the Jury. That is what I plan to do.
(CR-18).

The solution, however, was not for the trial Court to
insist on moving ahead with the trial, but as reasoned
in **Stanley at 1028, supra**, to appoint an **"attorney and
continue the case or engage in a sufficient dialogue to
discover if the Appellant wished to represent himself
and, if so, determine if the Appellant understood all
the implications of this waiver."** (Bold and italics
added for emphasis.) As to this matter, none of this
was done. Therefore, the conviction of the Appellant
must be reversed and this case remanded back to the
trial Court for a new trial with the assistance of
appointed counsel as requested by the Appellant.

21

## CONCLUSION

Because the Appellant did not knowingly, intelligently and voluntarily waive his Constitutional right to counsel and assert a clear and unequivocal right to self representation as espoused in **Faretta at 2525, supra,** and its progeny, ***Westmoreland at 1327, supra,*** **Carnley v. Cochran 39 U.S. 506, 82 S.Ct. 884 U.S.Fla. 1962** and **Jenkins at 1316, supra,** the conviction of the Appellant in the 12th Judicial Circuit Court of Pike County must be reversed and this case remanded back to the trial court with Counsel to be appointed as assistance for the Appellant; indeed, using the reasoning in **Stanley at 1028, supra**, the Court has no choice. (Bold and italics added for emphasis.)

**CRIMINAL APPEALS CASE No.:  CR-04-0068**
<u>**CERTIFICATE OF SERVICE**</u>

| | | |
|---|---|---|
| **JEFFERY BAKER,** | <> | |
| **APPELLANT,** | <> | **On Appeal from** |
| **VS.** | <> | **Pike County Circuit** |
| **STATE OF ALABAMA,** | <> | **Court CC-2003-249** |
| **APPELLEE.** | <> | |

Clerk's Certificate of Completion: <u>March 4, 2005</u>

I certify that I have this date served a copy of the foregoing brief and argument on the following parties with adequate postage thereon:

Attorney General's Office          Jeffery Baker
Alabama State House               1353 County Road 3348
11 South Union Street             Brundidge, Alabama 36010
Montgomery, Alabama 36130

Pursuant to Rule 34(a) of ARAP I have demanded oral argument and have so indicated on the cover of my brief.

**Dated this 7th day of April, 2005.**

**Counsel for Appellant**

23

## **APPENDIX**

## **SUMMARY OF RULINGS AND ACTIONS ADVERSE TO APPELLANT**

**RECORD PAGE NO.**                                 **SUMMARY**

| | |
|---|---|
| 5-6 | Motion for Appointment of Special Investigator - Denied |
| 6-10 | Motion to Dismiss the accusation upon the Basis of Selective Prosecution in Violation of Equal Protection - Denied |
| 10-12 | Motion to Recuse - Denied |
| 46 | Renew Motion to Recuse - Denied |
| 61-62 | Motion In Limine - Denied |
| 91 | Objection by Prosecutor - Sustained |
| 110 | Objection by Defendant - Overruled |
| 112 | Objection by Prosecutor - Sustained |
| 115 | Objection by Prosecutor - Sustained |
| 116 | Objection by Prosecutor - Sustained |
| 116 | Objection by Prosecutor - Sustained |
| 104 | Objection by Prosecutor - Sustained |
| 124 | Objection by Prosecutor - Sustained |
| 124 | Objection by Prosecutor - Sustained |
| 125 | Objection by Prosecutor - Sustained |
| 126 | Objection by Prosecutor - Sustained |
| 127 | Objection by Prosecutor - Compound - Sustained |

| 129 | Two objections by Prosecutor – Sustained |
| 130 | Objection by Prosecutor – Sustained |
| 132 | Objection by Prosecutor – Sustained |
| 133 | Objection by Prosecutor – Sustained |
| 144 | Objection by Prosecutor – Sustained |
| 154 | Two objections by Prosecutor – Sustained |
| 156 | Objection by Prosecutor – Sustained |
| 159 | Objection by Prosecutor – too close to witness – Sustained |
| 160 | Objection by Prosecutor – Sustained |
| 161 | Two objections by Prosecutor – Sustained |
| 175 | Objection by Appellant – No ruling |
| 179 | Objection by Prosecutor – Sustained |
| 180 | Objection by Prosecutor – Sustained |
| 184 | Objection by Prosecutor – Sustained |
| 185 | Objection by Prosecutor – Sustained |
| 189 | Objection by Prosecutor – Sustained |
| 190 | Objection by Prosecutor – Sustained |
| 191 | Two Objections by Prosecutor – Sustained |
| 192 | Objection by Prosecutor – Sustained |

200        Objection by Prosecutor - Sustained

210-212    Motion for Judgment of Acquittal -
           Denied

213-214    Motion for Exculpatory Material -
           Denied

221        Objection by Prosecutor/Leading
           Question - Sustained

224        Objection by Prosecutor/Form of
           Question - Sustained

225        Objection by Prosecutor - Sustained

225        Objection Prosecutor - Sustained

227        Objection by Prosecution - Sustained

228        Objection by Prosecution - Sustained

229        Objection by Prosecution - Sustained

232        Objection by Prosecution - Sustained

235        Objection by Prosecution - Sustained

240        Objection by Prosecution - Sustained

244        Objection by Prosecution/Leading
           question - Sustained

246        Objection by Prosecution/Leading
           question - Sustained

249        Objection by Prosecution - no ruling

250        Objection by Prosecution - Sustained

255        Objection by Prosecution/Leading
           question - Sustained

273      Objection by Prosecutor — Immaterial
         and Irrelevant — Sustained

280      Objection by Prosecutor — Immaterial
         and Irrelevant — Sustained

284      Objection by Prosecutor — Improper
         — Sustained

285      Objection by Prosecutor — Sustained

288      Objection by Prosecutor/Leading
         — Sustained

294      Objection by Prosecutor — Immaterial
         Incompetent and Irrelevant —
         Sustained

297      Three Objection by Prosecutor —
         Sustained

304      Objection by Prosecutor — Sustained

308      Objection by Prosecutor — Sustained

309      Objection by Prosecutor — Sustained

310      Objection by Appellant — no ruling

312      Objection by Prosecutor — Sustained

328      Objection by Prosecutor — Immaterial
         — Sustained

333      Objection by Prosecutor — Sustained

339      Objection by Prosecutor — Sustained

340      Objection by Prosecutor — Sustained

342      Objection by Prosecutor — Sustained

343      Objection by Prosecutor — Sustained

344    Objection by Prosecutor – Sustained

349    Objection by Prosecutor – Sustained

367    Objection by Prosecutor – Sustained

373    Objection by Prosecutor – Sustained

382    Objection by Prosecutor – Sustained

383    Objection by Prosecutor – Sustained

RELEASED

AUG 2 6 2005

CLERK
ALA COURT CRIMINAL APPEALS

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 242-4621), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# ALABAMA COURT OF CRIMINAL APPEALS

## OCTOBER TERM, 2004-2005

---

### CR-04-0068

---

### Jeffery Baker

### v.

### State of Alabama

### Appeal from Pike Circuit Court
### (CC-03-249)

COBB, Judge.

Jeffery Baker was charged by complaint with criminal mischief in the third degree, a violation of § 13A-7-23, Ala. Code 1975. He was convicted of the charged offense in the district court and was ordered to pay various fines and court

CR-04-0068

costs. Baker appealed to the circuit court for a trial de novo; he was again convicted of criminal mischief in the third degree.[1]  The circuit court sentenced Baker to 180 days in jail; that sentence was suspended, and Baker was ordered to serve 30 days in jail.  Baker was also ordered to pay various fines and court costs.  This appeal followed.

Because Baker does not challenge the sufficiency of the State's evidence, a brief rendition of the facts will suffice. The evidence adduced at trial indicated that on September 6, 2002, Baker disrupted a Labor Day holiday cookout for employees of the Pike County Sheriff's Department and county courthouse personnel in the parking lot of the county courthouse.  The testimony indicated that Baker had not been invited to the picnic; that he entered the area where the picnic was being held; and that he grabbed a steak designated for an employee off of the grill and threw it on the ground, causing it to break into several pieces.

---

[1]Baker was also charged with harassment and tried in the circuit court on that charge, which arose out of the same incident that gave rise to the criminal mischief conviction. However, the jury was unable to reach a verdict as to harassment, and the trial court ordered a mistrial on that charge.

CR-04-0068

The lone issue raised on appeal is whether Baker knowingly, intelligently, and voluntarily waived his Constitutional right to counsel at trial. In his brief, Baker argues that he requested on at least four occasions that the trial court appoint counsel to assist him and that he never waived his right to counsel. The State argues that, by his requests, Baker sought, not the assistance of counsel required by the Constitution but, rather, hybrid representation to which he was not entitled and that, when the trial court declined to allow Baker hybrid representation, Baker affirmatively insisted on proceeding pro se and waived his right to counsel. We agree with the State.

The record reveals that Baker acted pro se both at the district court proceedings and the circuit court proceedings. Baker filed a pro se notice of appeal for a trial de novo in the circuit court. Baker subpoenaed witnesses and documents; Baker also filed assorted discovery motions, motions to dismiss the charges against him on a number of grounds, and other timely and pertinent pleadings in this case. Additionally, Baker filed responsive pleadings to motions filed by the State. Further, Baker successfully obtained the

3

CR-04-0068

recusal of judges in both the district court proceedings and the circuit court proceedings, and as a result, the prosecuting attorney in both the district court and the circuit court proceedings and the trial judge in the circuit court proceedings were appointed from another circuit.[2]

Before trial, the prosecutor filed a motion requesting that the trial court conduct a Faretta[3] hearing to ascertain whether Baker's waiver of his right to counsel was knowing, voluntary, and intelligent. After a hearing -- portions of which we quote at length later in this opinion -- the trial court determined that Baker was voluntarily, knowingly, and intelligently waiving his right to counsel and allowed Baker to proceed pro se at trial.

Finally, we note that Baker did request that counsel be appointed to represent him for sentencing purposes. However, after counsel was appointed for the sentencing proceeding, Baker rescinded his request and filed a motion to proceed pro se for his sentencing hearing; the trial court allowed newly

---

[2]Also in the record are numerous pro se pleadings Baker filed in an unrelated civil matter involving some of the witnesses to the incident at the cookout.

[3]Faretta v. California, 422 U.S. 806 (1975).

4

CR-04-0068

appointed counsel to withdraw and then appointed a second attorney to represent Baker at sentencing. Baker advised that attorney that his services were not required and filed a second motion to waive his right to counsel and requested again to proceed pro se at sentencing. The trial court granted Baker's motion, and Baker represented himself at sentencing.

"A defendant's decision to represent himself necessarily involves the waiver of his right to counsel. See Fitzpatrick v. Wainwright, 800 F.2d 1057, 1064 (1986). In Pratt v. State, 851 So. 2d 142, 144-45 (Ala. Crim. App. 2002), this Court pointed out:

"'"The constitutional 'right to counsel, or waiver thereof, is an essential jurisdictional prerequisite to the authority to convict an accused[, and c]onviction without this safeguard is void.' People v. Carroll, 140 Cal. App. 3d 135, 140, 189 Cal. Rptr. 327, 331 (Cal. App. 2 Dist.), cert. denied, 464 U.S. 820 (1983) (citing Johnson v. Zerbst[, 304 U.S. 458 (1938)]). Unless a defendant has or waives assistance of counsel, the Sixth Amendment is a jurisdictional bar to a valid conviction and sentence. Johnson v. Zerbst; Stokes v. Singletary, 952 F.2d 1567 (11th Cir. 1992); Boruff v. United States, 310 F.2d 918 (5th

5

CR-04-0068

> Cir. 1962). See also <u>Lancaster v. State</u>, [638 So. 2d 1370, 1373] (Ala. Cr. App. 1993) ('the appellant's ... right to have counsel appointed on appeal [is a] jurisdictional matter[]'); <u>Lake v. City of Birmingham</u>, 390 So. 2d 36, 38 (Ala. Cr. App. 1980) (a record failing to reveal any of the circumstances surrounding the appellant's self-representation 'will not support the trial court's judgment wherein the appellant was sentenced to a loss of liberty')."
>
> "'<u>Berry v. State</u>, 630 So. 2d 127, 130 (Ala. Crim. App. 1993) (footnote omitted). <u>See also</u> <u>Custis v. United States</u>, 511 U.S. 485, 494 (1994) ("'If the accused ... is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty. ... The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by <u>habeas corpus</u>.'" (quoting <u>Johnson v. Zerbst</u>, 304 U.S. 458, 468 (1938)); <u>Weakley v. State</u>, 721 So. 2d 235, 236 (Ala. 1998) (holding that the right to counsel at arraignment is a jurisdictional matter).'

"Thus it is the lack of counsel, coupled with the absence of a knowing and intelligent waiver thereof, that acts to deny the defendant counsel and to jurisdictionally bar his prosecution.

6

CR-04-0068

   "'The constitutional right of an accused to be represented by counsel invokes, of itself, the protection of a trial court, in which the accused -- whose life or liberty is at stake -- is without counsel.  This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused.  While an accused may waive the right to counsel, whether there is a proper waiver should be clearly determined by the trial court, and it would be fitting and appropriate for that determination to appear upon the record.'

"<u>Johnson v. Zerbst</u>, 304 U.S. 458, 465 (1938).

   "Rule 6.1(b), Ala.R.Crim.P., provides a framework to ensure that a defendant's waiver of counsel is knowing and intelligent:

   "'A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right. At the time of accepting a defendant's waiver of the right to counsel, the court shall inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings. . . .

    "'....'

  "....

   "Certainly, the provisions of Rule 6.1(b) are mandatory, and, if a defendant properly preserves and presents an argument on appeal that the trial court faltered in its application of the mandatory

CR-04-0068

provisions of Rule 6.1(b), he is entitled to relief. See, e.g., Ex parte King, 797 So. 2d 1191 (Ala. 2001). However, the fact that a trial court forgoes those provisions does not necessarily indicate that a defendant unknowingly, unintelligently, and involuntarily has waived his right to counsel. That is, the fact that a trial court fails to abide by the letter of Rule 6.1(b) and Faretta [v. California, 422 U.S. 806 (1975),] does not necessarily result in the defendant's being deprived of counsel and, thus, the trial court's being jurisdictionally barred from rendering a judgment. See Tomlin v. State, 601 So. 2d 124, 128 (Ala. 1991) ('Although the Supreme Court in Faretta states that a defendant should be made aware of the dangers and disadvantages of self-representation, the Supreme Court does not require a specific colloquy between the trial judge and the defendant.'). See also Fitzpatrick v. Wainwright, 800 F. 2d 1057, 1065 (11th Cir. 1986) ('The ultimate test is not the trial court's express advice, but rather the defendant's understanding.').

"Whether a defendant who chooses to represent himself has knowingly, intelligently, and voluntarily waived his right to counsel can be indicated by the record or by the totality of the circumstances surrounding the waiver. See Johnson v. Zerbst, 304 U.S. 458, 464 (1938) ('The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'). See also Clemons v. State, 814 So. 2d 317 (Ala. Crim. App. 2001) (citing Monte v. State, 690 So. 2d 517 (Ala. Crim. App. 1996)); Johnston v. City of Irondale, 671 So. 2d 777 (Ala. Crim. App. 1995); Warren v. City of Enterprise, 641 So. 2d 1312 (Ala. Crim. App. 1994); Siniard v. State, 491 So. 2d 1062 (Ala. Crim. App. 1986). See also Faretta, 422 U.S. at 835 ('Although a defendant need not himself

8

CR-04-0068

> have the skill and experience of a lawyer in order
> competently and intelligently to choose self-
> representation, he should be made aware of the
> dangers and disadvantages of self-representation, so
> that the record will establish that "he knows what
> he is doing and his choice is made with eyes open."
> <u>Adams v. United States ex rel. McCann</u>, 317 U.S.[269,
> 279 (1942)].').'"

<u>Coughlin v. State</u>, 842 So. 2d 30, 33-35 (Ala. Crim. App.

2002). Similarly, in <u>Tomlin v. State</u>, 601 So. 2d 124 (Ala.

1991), the Alabama Supreme Court stated:

> "In <u>Faretta v. California</u>, 422 U.S. 806 (1975),
> the Supreme Court held that a defendant has a Sixth
> Amendment right to represent himself in a criminal
> case. In order to conduct his own defense, the
> defendant must 'knowingly' and 'intelligently' waive
> his right to counsel, because in representing
> himself he is relinquishing many of the benefits
> associated with the right to counsel. <u>Faretta</u>, 422
> U.S. at 835. The defendant 'should be made aware of
> the dangers and disadvantages of
> self-representation, so that the record will
> establish that "he knows what he is doing and his
> choice is made with eyes open."' <u>Faretta</u>, 422 U.S.
> at 835 (other citations omitted).

> "The burden of proof in the present case is on
> the defendant. When a defendant has clearly chosen
> to relinquish his right to counsel and has asserted
> his right to self-representation, and on appeal
> asserts that he was denied the right to counsel, he
> has the burden of showing, '"by a preponderance of
> the evidence, that he did not intelligently and
> understandingly waive his right to counsel."' <u>Teske
> v. State</u>, 507 So. 2d 569, 571 (Ala.Cr.App. 1987),
> quoting <u>Moore v. Michigan</u>, 355 U.S. 155, 161-62
> (1957). The Supreme Court in <u>Carnley v. Cochran</u>,
> 369 U.S. 506, 516-17 (1962), held that when the

CR-04-0068

record clearly shows that a defendant has expressly waived his right to counsel, the burden of proving that his waiver was not made knowingly and intelligently is on the defendant. 'A waiver of counsel can only be effectuated when the defendant asserts a "clear and unequivocal" right to self-representation.' Westmoreland v. City of Hartselle, 500 So. 2d 1327, 1328 (Ala.Cr.App. 1986), citing Faretta, 422 U.S. 806. If the record is not clear as to the defendant's waiver and request of self-representation, the burden of proof is on the State. Carnley, 369 U.S. at 517. Presuming a waiver from a silent record is impermissible. Carnley.

"....

"Although the Supreme Court in Faretta states that a defendant should be made aware of the dangers and disadvantages of self-representation, the Supreme Court does not require a specific colloquy between the trial judge and the defendant. 'The case law reflects that, while a waiver hearing expressly addressing the disadvantage of a pro se defense is much to be preferred, it is not absolutely necessary. The ultimate test is not the trial court's express advice but rather the defendant's understanding.' Fitzpatrick v. Wainwright, 800 F.2d 1057 (11th Cir. 1986) (citations omitted). In each case the court needs to look to the particular facts and circumstances involved, 'including the background, experience, and conduct of the accused.' Johnson v. Zerbst, 304 U.S. 458, 464 (1938).

"This court looks to a totality of the circumstances involved in determining whether the defendant knowingly and intelligently waived his right to counsel. Jenkins v. State, 482 So. 2d 1315 (Ala.Cr.App. 1985); King v. State, 55 Ala. App. 306, 314 So. 2d 908 (Ala.Cr.App. 1975), cert. denied; Ex parte King, 294 Ala. 762, 314 So. 2d 912 (1975)."

10

CR-04-0068

601 So. 2d 124, 128-29.

The following exchange occurred at the <u>Faretta</u> hearing before trial:

> "THE COURT: While we are on the subject, Mr. Baker, I am sure that one of the judges in Pike County informed you that you have a right to an attorney and that if you cannot afford one one will be appointed for you by the Court. Have they not?
>
> "MR. BAKER: I believe, Your Honor, in this case you are the only judge that has, that I have been before.
>
> "THE COURT: You had a district judge.
>
> "MR. BAKER: I am before you, now. What happened in district court is irrelevant here.
>
> "THE COURT: Let me inform you then.
>
> "MR. BAKER: Okay.
>
> "THE COURT: You understand that you have a right to an attorney as this is a criminal prosecution?
>
> "MR. BAKER: I understand that.
>
> "THE COURT: And that if you cannot afford one, one will be appointed for you by the Court.
>
> "MR. BAKER: I have an affidavit of substantial hardship in the record, Your Honor, that you have not ruled on.
>
> "THE COURT: Are you seeking an attorney? Are you requesting an attorney be appointed to represent you in this case?

11

CR-04-0068

"MR. BAKER: It would all depend on who, which attorney you are talking about.

"THE COURT: It is not an attorney of your choosing. Are you requesting this Court appoint an attorney?

"MR. BAKER: Not at this time, Your Honor.

"THE COURT: Well, there is not going to be another time. So, either we are going forward with the trial of these cases or we are going to stop and I am going to appoint an attorney for you, if you are requesting it.

"MR. BAKER: Well, I will request, Your Honor, [to] have a sitting attorney, but I am planning to represent myself before the jury. That is what I plan to do.

"[Prosecutor]: If it please the Court; judge, we have a pending motion that is in effect a <u>Faretta</u> motion of self representation and possibly that should be taken up now.

"THE COURT: I agree.

"[Prosecutor]: We didn't have one of those in the district court. I am not sure it is an order. I did take the liberty to prepare a proposed order.

"THE COURT: Correct.

"[Prosecutor]: Of course, the State does not object to Mr. Baker representing himself.

"MR. BAKER: In that case, Your Honor, I waive all of that and submit to the Court that I am a paralegal. I have legal experience. I have represented myself in other matters. I am fully capable of representing myself in this case. However, being is that Your Honor has demonstrated

12

CR-04-0068

a bias toward me, I would suggest we have a sitting attorney.

"THE COURT: Mr. Baker, be careful."

(R. 17-19.)  Baker informed the trial court that he had attended various universities and had obtained a degree. Baker stated that he had a degree as "Legal Assistant. Paralegal."  (R. 20.)  The following exchange then occurred:

"MR. BAKER: Your Honor, I have admitted that I am intelligent enough to represent myself in these matters.  I think I have demonstrated that through my motions.  I waive it.  He waived it.  I don't have -- I am going through this matter with an intelligent and legal knowledge of my rights.

"THE COURT: So you don't want an appointed attorney?  Is that correct?

"MR. BAKER: I requested the Court to appoint me a sit-in attorney in an advisory capacity.  Yes.

"THE COURT: Well, I will appoint an attorney to represent you, but I am not going to appoint an attorney just to sit here.  Now either he is going to represent you or he is not.  You can't have it both ways.

"MR. BAKER: Well, Your Honor, then let's proceed to the next issue on your agenda.

"THE COURT: Okay.  All right. [Prosecutor]; anything?

"[Prosecutor]: Judge, may I approach the bench? I have noticed Mr. Baker with it and also a copy in the court file.  For the convenience of the Court, there is a copy of a proposed order that I think

13

CR-04-0068

addresses the issue brought forth in <u>Faretta</u> and also the two fairly recent Alabama cases that addressed the same issue.

"THE COURT: You have given Mr. Baker one?

"[Prosecutor]: I have previously given him one.

"MR. BAKER: I have received it, Your Honor.

"THE COURT: Okay. What is the State's position regarding a, I don't know, sit-in-attorney, if you will?

"[Prosecutor]: Judge, that, if you -- he has a choice of going the route of self representation. And, on a case of the level of these two misdemeanors, that it is not, it is not required that the State give a sit-in-attorney when he has asked to represent himself and is certainly capable of representing himself.

"MR. BAKER: On that same issue, Your Honor, if I may be allowed to speak?

"THE COURT: Are you through, [Prosecutor]?

"[Prosecutor]: Yes, sir.

"THE COURT: Yes, Mr. Baker.

"MR. BAKER: I am, if I may be allowed to speak; the position of the State in other cases that I am aware of, that when a pro se individual, who is unlearned in the law asks for a sit-in-attorney, it is granted with the express stipulation that the attorney and the pro se individual not be questioning the witness at the same time or if one is questioning, the other will not or something to that effect. And, I think that is the way it has been in caselaw that I have discovered that has been addressed by it.

14

CR-04-0068

"THE COURT: Do you want to present a case to me?

"MR. BAKER: No, sir. You can rule on it. It is up to you and I will make an objection and we can move on and we will take it on up on appeal."

(R. 20-23.)

It is apparent from a reading of the transcript of the Faretta hearing that Baker was seeking standby counsel but that he intended to represent himself. Clearly, "[w]hile a defendant has a right to be represented by counsel or to represent himself, he is not entitled to a hybridized representation of his own design." Moody v. State, 888 So. 2d 532, 560 (Ala. Crim. App. 2003). Therefore, the trial court was within its discretion to deny Baker's request for a "sit-in-attorney."[4] The trial court instead advised Baker that he could either represent himself, or the trial court would appoint an attorney to represent him; Baker chose to represent himself. Additionally, as to the affidavit of substantial hardship Baker referenced when the trial court mentioned that

---

[4]As the dissent correctly notes, Rule 6.1(b), Ala.R.Crim.P., provides, in part, that "[w]hen a defendant waives the right to counsel, the court may appoint an attorney to advise the defendant during any stage of the proceedings." (Emphasis added.) There is no requirement that the trial court appoint standby counsel. Thus, based on the totality of the circumstances as discussed later in this opinion, we will not hold the trial court in error for declining to do so.

15

CR-04-0068

counsel would be appointed if Baker could not afford to hire

an attorney, it is apparent that that affidavit was filed for

the purposes of allowing Baker to appeal his district court

conviction to the circuit court for a trial de novo, rather

than requesting the appointment of counsel; neither the

affidavit of substantial hardship nor the motion for leave to

appeal in forma pauperis even suggest that Baker wanted

appointed counsel. Thus, it is clear from our review of the

record that Baker made the decision to forgo his right to

counsel and asserted his right to self-representation;

therefore, he has the burden of showing that his waiver of his

right to counsel was not knowingly, intelligently, or

voluntarily made. See Tomlin, supra.

In Sibley v. State, 775 So. 2d 235 (Ala. Crim. App.

1996), this Court stated:

> "In United States v. Cash, 47 F.3d 1083 (11th
> Cir. 1995), the Eleventh Circuit Court of Appeals
> outlined the factors necessary in determining the
> validity of a waiver of counsel:
>
>> "'They are: (1) The defendant's age,
>> educational background, and physical and
>> mental health; (2) the extent of
>> defendant's contact with lawyers prior to
>> trial; (3) the defendant's knowledge of the
>> nature of charges, possible defenses, and
>> penalties; (4) the defendant's

16

Don't let the burden shift to me.

CR-04-0068

> understanding of the rules of procedure,
> evidence, and courtroom decorum; (5) the
> defendant's experience in criminal trials;
> (6) whether standby counsel was appointed
> and the extent to which that counsel aided
> the defendant; (7) any mistreatment or
> coercion of defendant; and (8) whether the
> defendant was trying to manipulate the
> events of trial. [Fitzpatrick v.
> Wainwright, 800 F.2d 1057, 1065-67 (11th
> Cir. 1986)]. All factors need not point in
> the same direction.'

"47 F.3d at 1088-1089."

775 So. 2d at 243.

Here, Baker asserted that he had a degree as a legal assistant or paralegal. There is no indication in the record that his waiver was affected by any physical or mental impairments or by drug or alcohol abuse. It is apparent from a reading of the voluminous record[5] that Baker had a clear

---

[5]The record consists of seven volumes. The transcript of the pretrial Faretta hearing and the trial span approximately 423 pages; the transcript of the sentencing hearing is approximately 55 pages long. The clerk's record contains approximately 814 pages, of which a significant portion consists of the multitude of pro se pleadings Baker filed in the circuit court, in the district court, and in assorted unrelated civil proceedings involving some of the complainants and witnesses in this trial. Moreover, although certainly not dispositive of this issue, we note that Baker on appeal sought the removal of appointed appellate counsel because he was displeased with appellate counsel's brief and then later rescinded that request.

17

CR-04-0068

understanding of the nature of the charges, the defenses applicable to the charges, and the possible penalties he faced if convicted. We also note that Baker questioned numerous witnesses at trial about their observations of the incident and posed a series of questions designed to attack specific elements of the charged offenses -- we note with some particularity that, although Baker was convicted of the criminal-mischief charge, the jury was unable to render a verdict as the harassment charge. Similarly, the numerous pleadings and motions Baker filed and his references to applicable legal theories and rules of procedure indicate that he had an awareness of the legal process and legal procedure, as did his questioning of witnesses. There is no evidence indicating that Baker was mistreated or coerced into representing himself; to the contrary, it is abundantly clear from the record that Baker had every intention of representing himself at trial.

Although the trial court declined to appoint standby counsel to assist Baker should the need arise, the lone reason Baker gave for wanting standby counsel was Baker's perception that the trial judge was biased against him. However, our

18

CR-04-0068

review of the record reveals no instances in the record that could be perceived as bias by the trial judge. Therefore, after reviewing the record on appeal, we conclude that, given the totality of the circumstances, Baker has failed to demonstrate by a preponderance of the evidence that he did not knowingly, intelligently, and voluntarily waive his right to counsel. More succinctly, Baker did not unwittingly stumble blindly down the path of self-representation and the waiver of his right to counsel. Rather, he sought a hybrid form of representation of his choosing; the trial court exercised its discretion and refused to allow Baker to proceed in that manner; the trial court offered to appoint counsel to represent Baker; and Baker knowingly, voluntarily, and intelligently chose to waive his right to counsel and to instead proceed pro se.

Based on the foregoing, we affirm the judgment of the circuit court.

AFFIRMED.

McMillan, P.J., and Shaw and Wise, JJ., concur; Baschab, J., dissents, with opinion.

19

CR-04-0068

BASCHAB, JUDGE, dissenting.

In this case, the trial court and the appellant discussed the fact that the appellant had indicated that he wanted to represent himself during the proceedings. However, the record in this case does not indicate that the trial court specifically advised the appellant about the dangers and disadvantages of self-representation, as required by Faretta v. California, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975).

> "In Faretta v. California, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975), the Supreme Court held that a defendant has a Sixth Amendment right to represent himself in a criminal case. In order to conduct his own defense, the defendant must 'knowingly' and 'intelligently' waive his right to counsel, because in representing himself he is relinquishing many of the benefits associated with the right to counsel. Faretta, 422 U.S. at 835, 95 S. Ct. at 2541. The defendant 'should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open."' Faretta, 422 U.S. at 836, 95 S. Ct. at 2541 (other citations omitted)."

Tomlin v. State, 601 So. 2d 124, 128 (Ala. 1991).

In addition, the record does not indicate that the trial court advised the appellant that he had the right to withdraw any waiver of the right to counsel at any time during the

20

CR-04-0068

proceedings, as required by Rule 6.1(b), Ala. R. Crim. P.[6] In fact, the trial court did just the opposite during the following exchange:

> "THE COURT:  ... Are you requesting this Court appoint an attorney?
>
> "[THE APPELLANT]: Not at this time, Your Honor.
>
> "THE COURT:  Well, there is not going to be another time."

(R. 18.)[7]

---

[6]Rule 6.1(b), Ala. R. Crim. P., provides, in part:

"A defendant may waive his or her right to counsel in writing or on the record, after the court has ascertained that the defendant knowingly, intelligently, and voluntarily desires to forgo that right.  At the time of accepting a defendant's waiver of the right to counsel, the court <u>shall</u> inform the defendant that the waiver may be withdrawn and counsel appointed or retained at any stage of the proceedings."

(Emphasis added.)

[7]I would further note that it appears from the discussions the majority quotes that the trial court did not understand that it could appoint stand-by counsel to assist the appellant as he proceeded pro se.  In this regard, Rule 6.1(b), Ala. R. Crim. P., provides, in pertinent part:

"When a defendant waives the right to counsel, the court may appoint an attorney to advise the defendant during any stage of the proceedings."

21

CR-04-0068

For these reasons, we should reverse the trial court's judgment and remand this case for a new trial.  See Farid v. State, 720 So. 2d 998 (Ala. Crim. App. 1998); Hairgrove v. State, 680 So. 2d 946 (Ala. Crim. App. 1995).

22

Quote: I Plan to represent myself before the court

2) Also, arraiment did not occur until after above