IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFERY BAKER, JR., )<br>)<br>PETITIONER, )<br>)<br>VS. )<br>)<br>)<br>)<br>RUSSELL THOMAS, SHERIFF, )<br>et al., )<br>)<br>)<br>RESPONDENTS. ) | CIVIL ACTION NO.<br>2:06-CV-61-ID |

## ANSWER

Come now Respondents in the above-styled cause, by and through the Attorney General for the State of Alabama and in response to this Honorable Court's Order to Show Cause, and state the following:

## PROCEDURAL HISTORY

1. Petitioner is challenging his February 27, 2004 conviction for criminal mischief in the third degree in Pike County Alabama. On October 7, 2004, Petitioner was sentenced to 180 days in jail suspended with 30 days to serve. (Exhibit "A")

2. On direct appeal, Petitioner raised only one issue: Whether he had voluntarily, knowingly, and intelligently waived his constitutional right to counsel by asserting a clear and unequivocal right to self representation. (Exhibits "B" & "C")

3. On August 26, 2005, the Alabama Court of Criminal Appeals affirmed the conviction and sentence in a written opinion addressing the merits of Petitioner's claim. (Exhibit "D") Petitioner filed an application for rehearing on September 9, 2005; on December 16, 2004, this application was denied. (Exhibits "E" &"F") No petition for writ of certiorari was filed for review by the Alabama Supreme Court and on January 4, 2006, the Alabama Court of Criminal Appeals issued a Certificate of Judgment.

## ARGUMENT

4. Ground one of the present federal habeas corpus petition is the same claim raised on direct appeal, concerning whether Petitioner knowingly, intelligently, and voluntarily waived his right to counsel. This issue was adjudicated on the merits in state court and therefore the present habeas corpus is not due to be granted. 28 U.S.C. § 2254(d)

5. Petitioner's second claim is that his sentence is excessive and violated the Eighth Amendment. Petitioner admits in his petition that he did not raise this issue

in state court and therefore it would be considered procedurally barred under Teague v. Lang, 489 U.S. 288, 297-298 (1989). If, however, he was alleging that his sentence exceeds the maximum authorized by law, he would still have a state remedy available under Rule 32, Ala.R.Crim.P. Thus, it could be asserted that he had not exhausted state remedies, barring the present habeas proceeding. Rose v. Lundy, 455 U.S. 509, 518 (1982).

6. Although Petitioner presented the first claim of this petition to the Alabama Court of Criminal Appeals, Petitioner failed to present the claim for discretionary review to the state supreme court. Thus, he has defaulted on this claim for purposes of federal habeas relief. O'Sullivan v. Boerckel, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).

7. Finally, Petitioner has failed to show he is "in custody" as required for federal habeas review. Maleng v. Cook, 490 U.S. 488, 490 (1989).

9. For the reasons set out above, the present federal habeas corpus petition is due to be dismissed and denied.

## EXHIBITS

1. Exhibit "A" - Trial Record; CC-03-249; CR-04-0068 (7 vols);

2. Exhibit "B" - Petitioner's brief on appeal; CC-03-249; CR-04-0068;

3. Exhibit "C" - State's brief on appeal; CC-03-249; CR-04-0068;

4. Exhibit "D" - Opinion; CC-03-249; CR-04-0068;

5. Exhibit "E" - Application for Rehearing; CC-03-249; CR-04-0068;

6. Exhibit "F" - Application for Rehearing Overruled Notice; CC-03-249; CR-04-0068

7. Exhibit "G" - Certificate of judgment; CC-03-249; CR-04-0068.

                Respectfully submitted,

                Troy King (KIN047)
                *Attorney General*
                By-

                */s/ Cecil G. Brendle, Jr.*
                Cecil G. Brendle, Jr. (BRE005)
                *Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of March, 2006, I served a copy of the foregoing (excluding exhibits) on Baker, by placing the same in the United States Mail, first class, postage prepaid and addressed as follows:

    Jeffery Baker, Jr.,
    1353 County Road 3348
    Brundidge, AL  36010

                                            Cecil G. Brendle, Jr. (BRE005)
                                            Assistant Attorney General

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130-0152
(334) 242-7401, 242-7357

114304/91058-001

# #2:06-cv-00061-ID

# EXHIBITS A-G
# TO THE ANSWER
# ARE NOT SCANNED.

# EXHIBITS ARE FILED
in conventional format
and
are available for viewing
in the Clerk's office.