IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JEFFERY BAKER, JR.   *

   Petitioner,   *

v.   *   2:06-CV-61-ID
                           (WO)

RUSSELL THOMAS, SHERIFF, *et al.*,   *

   Respondents.   *

_____

**ORDER**

Respondents filed an answer on March 29, 2006 in accordance with the provisions of Rule 5, *Rules Governing Section 2254 Cases in the United States District Courts*. (Doc. No. 14.) They contend therein that the present habeas corpus petition is due to be denied because the claims presented by Petitioner provide no basis for relief. Specifically, Respondents argue that Petitioner's allegation that he did not knowingly, intelligently, and voluntarily waive his right to counsel is procedurally barred from review by this court because he failed to present this claim in a petition for writ of certiorari following the Alabama Court of Criminal Appeals' denial of his application for rehearing which is required to exhaust and preserve Petitioner's claims for habeas review. S*ee O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Smith v. Jones*, 256 F.3d 1135, 1137 (11th Cir. 2001). With regard to Petitioner's allegation that his sentence is excessive and violates the Eighth Amendment, Respondents contend that Petitioner never presented such claim in the state courts and

presentation of such claim would now be barred by the state's procedural rules. *See Teague v. Lane*, 489 U.S. 288; *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002).

A procedural default bars consideration of the merits of a claim unless Petitioner can establish "cause" for the failure to follow the state's procedural rules and show "prejudice" resulting from this failure. *See Wainwright v. Sykes*, 433 U.S. 72 (1977). However, even if Petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from considering a habeas petitioner's federal constitutional claim where Petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986). The miscarriage of justice exception allows federal courts to address procedurally defaulted claims if Petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496.

Accordingly, it is

ORDERED that on or before May 1, 2006 Petitioner may file a response to the answer filed by Respondents. Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. Petitioner is advised that at any time after May 1, 2006 the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require." Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

Petitioner is instructed that when responding to Respondents' answer he may file

sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts which demonstrate that Petitioner is entitled to relief on the grounds presented in the habeas corpus petition. If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When Petitioner attacks Respondents' answer by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

      Petitioner is cautioned that in responding to Respondents' assertion that all of his claims for relief are procedurally defaulted he must state specific reasons why he failed to comply with the state's procedural rules or otherwise did not present or pursue these claims in state court either at the trial court level, on appeal, or in available post-conviction proceedings. Petitioner is advised that the reasons presented must be legally sufficient and that the facts surrounding or relating to the reasons for the failure must be stated with specificity. Moreover, if Petitioner claims that this court should address the procedurally defaulted claim under the fundamental miscarriage of justice exception, he must show specific reasons for the application of this exception.

      Done, this 12th day of April 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE