IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JEFFERY BAKER JR,     *
    *
   Petitioner     *
    *
vs.     *    CIVIL ACTION NO.
    *    2:06-CV-61-ID
RUSSELL THOMAS, Sheriff, et, al     *
    *
   Respondents,     *

## PETITIONER'S AMENDED
## PETITION FOR WRIT OF HABEAS CORPUS

Comes now petitioner, Jeffery Baker Jr, pro se, unlearned in law, pursuant to the Court's order issued February 6, 2006, 28 U.S.C. section 2254, and all applicable federal laws and amends his petition for federal habeas corpus relief heretofore filed, by deleting ground two of the petition and readopting and sustaining Ground one as exhausted, Petitioner amends the petition for writ of habeas corpus as follows:

As a preliminary matter, petitioner recognizes the exhaustion requirement for federal habeas corpus relief. However, 28 U.S.C. §2254 expressly provides that such an application may be granted if it appears that there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. At the outset, petitioner sought removal to this Honorable Court; fairly predicting the state court would not afford relief under the circumstances herein, Baker v. State, 222 F. Supp. 2d. 1296 (M.D.Al. 2002), 2: 04cv1085-T. Under the terms of the statute, an applicant for habeas corpus in the state courts, must first exhaust

those state remedies before applying to the Federal District Court, unless it would be futile to purse the state remedies or unless those remedies are inadequate.

Petitioner shows, there is an absence of available state corrective process and/or circumstances exist that render such process ineffective to protect the petitioner's rights. According to the State appellate Rules, Petitioner had 14 days after the rehearing denial to seek review in the Supreme Court of Alabama. Notice of the rehearing denial failed delivery to Petitioner and/or was misappropriated by person or persons unknown. Petitioner sought relief in the Supreme Court through all available means. It would be futile for this Court to require Exhaustion in the Supreme Court before granting habeas review. Under the Supreme Courts Rules, the Supreme Court may not enlarge the time for filing petition for certiorari in a criminal non-death penalty case, Ala. Rules App. Pro. Rule 2 (d), 26 (b), and 41, (See also, Amendment No. 328 §6.11. Additionally, Rule 32.2 precludes any post conviction relief, because the issue was presented on appeal. Based upon the forgoing, and the pending case before this Honorable Court, Case No. 2: 06-CV-43-WHA, exhaustion would be futile and would deprive petitioner of both his state and his federal Rights.

## INTRODUCTION

Petitioner Jeffery Baker Jr, asserts only one principal arguments in support of his Petition for Writ of Habeas Corpus. Whether the petitioner knowingly, intelligently, and voluntarily waived his Sixth Amendment Right to Counsel. Petitioner maintains the Circuit Court of Pike County abridged his Sixth Amendment Rights to Counsel. Petitioner never asserted a clear and unequivocal right to self-representation as stated by our United States Supreme Court, Faretta v. California, 422 U.S. 806 (1975), and

Fitzpatrick v. Wainwright, 800 F. 2d. 1057, (11Cir 1986). The State supports its position by citing only three cases, Coughlin v. State, 842 So. 2d 30 (Ala. Crim. App. 2002), Faretta v. California, 422 U.S. 806 (1975), and Moody v. State, 888 So. 2d 532 (Ala. Crim App. 2003). The Appeals Courts of Alabama has long held, it would not do legal research for a party. Nonetheless, here, the Appeals Court breaches its prior holdings, citing, Fitzpatrick v. Wainwright, 800 F. 2d. 1057, (11Cir 1986), Johnson v. Zerbst, 304 U.S. 458, 468 (1938), Carnley v. Cochran, 369 U.S. 506 (1962), to support its decision to affirm petitioner's conviction. The cases cited by both the Court and the State is clearly distinguishable from this instant Habeas. Here, Petitioner never requested self-representation and unequivocally requested his Sixth Amendment Rights to counsel.

## STATEMENT OF THE CASE

On September 6, 2002, your petitioner appeared at the pike county courthouse and found the doors locked and all county, state, and federal offices therein closed due to a party. Petitioner appeared at the party located at the rear of the courthouse and sought participation therein. Upon being invited, a Pike County sheriff deputy committed a battery against petitioner's persons when petitioner attempted to collect food from the grill. In the course of the exchange; a steak being cooked, fell to the ground, purportedly "breaking into three pieces." Petitioner sought complaint for the battery against his persons resulting in injuries, under statutory provisioning but was denied by both the sheriff and the magistrate judge. Petitioner pursued the issue, and three days later, the offending sheriff deputy, and a probate clerk, instituted complaint against petitioner under §§13A-7-23 and §13A-8-11(a) by the magistrate judge for defending his persons against an unlawful battery and for $10.00 in damages to a $2.50 steak.

All judges of the 12th judicial circuit of Alabama recused (CR.501-502), the presiding judge for the 20th judicial circuit was assigned the case, (Cr. 529-530). The pike county District Attorney withdrew himself along with his staff and the District Attorney of the 3rd judicial was assigned as special prosecutor. Petitioner sought removal to United States District Court embracing Pike County. The Removal Petition was denied and the petitioner trial was set. The specially assigned Judge ordered a status conference (CR. 548) however, failed to arraign petitioner and sought the dismissal on the special prosecutor's motion to dismiss petitioner's appeal (CR. 505-516). Petitioner filed objection to the Court's common practice (CR. 555-557). On the very day of the trial, and on the prosecutor's motion, the Court conducted a hearing on defendant representing himself (CR. 653-654). Petitioner was denied his request for assistance of counsel and was convicted, in both cases, and sentenced to 270 days, with 60 to be served in the County jail and fees, costs, and restitution, exceeding $2700.00, and anger management classes. Petitioner appealed the convictions and sentences to the Court of Criminal Appeals.

## STATEMENT OF FACTS

Petitioner was appointed counsel on appeal, however, no substantial hardship and affidavit and order has been granted to appoint such counsel (CR. 518-521). The unduly appointed counsel and petitioner met and agreed on the issues to be presented on petitioner's behalf and agreed that the brief would be provided for petitioner's review prior to the submission. The unduly appointed attorney submitted his brief without the grounds agreed on. After submissions, petitioner disavowed the brief and filed sworn objection and submitted a Reply to the Appellee brief. The unduly appointed attorney's

brief presents compelling argument, however; the Court of Criminal Appeals affirmed the judgment on August 26, 2005. Petitioner filed Application for Rehearing pursuant to Rule 40 Ala. Rules App. Pro and further expounded on the compelling argument of the unduly appointed attorney. Petitioner was not served the notice or order of the denial of his rehearing application in accordance with Rule 17, Ala. Rules App. Proc. On January 6, 2006, Petitioner received the Certificate of Judgment, a copy is attached hereto. Petitioner moved the issuing court to stay, vacate and set aside the certificate of judgment supported by proof by affidavit on grounds that he did not receive such order deny the rehearing petition filed October 11, 2005, and in violation of petitioner's Fourteenth Amendment equal protection Right. The Court denied said motion January 10, 2006. On January 9, 2006, petitioner sought Extraordinary Writ of Error Coram Vobis and Temporary Restraining Order in to the Supreme Court. The Supreme Court re-labeled the Writ to that of a Writ of Mandamus on or about January 12, 2006, effectively denying petitioner an available state corrective process and/or rendering such process ineffective to protect the rights of the petitioner and the access to the court to redress the issues. On January 18, 2006, petitioner complained to this Honorable Court for Declaratory Relief. Pursuant to Ala. Code §12-22-244, petitioner is required to surrender his liberty to the Pike County Jail January 20, 2006, between 1:00- 4:30 P.M. Present custody is satisfied in accordance with 28 U.S.C § 2254. Petitioner hereby attest, prior to the filing of the Petition for Writ of Habeas Corpus he has surrender his liberty to the Pike County Jail in accordance with Ala. Code 12-22-244 and is in the custody of Pike County Sheriff, Russell Thomas, for safe keeping in accordance with Ala. Code §§14-6-1, §14-6-9.

**ARGUMENT**

Under the Sixth Amendment to the United States Constitution and Article I §6 of the Alabama Constitution of 1901, petitioner is entitled to assistance of Counsel in a criminal case. In Weakley v. State, 721 So. 2d 235(Ala. 1998), the Alabama Supreme Court, citing Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019 82 L.Ed.1461 (1938), and Stokes v. Singletary, 952 F. 2d. 1567 (11th Cir. 1992), said, "the right of a defendant to have counsel present at arraignment is a jurisdictional prerequisite to a conviction." When asked, the petitioner unequivocally requested counsel, the record unequivocally shows:

> The Court:   *So, you don't want an appointed attorney? Is that Correct?*
>
> MR. BAKER: *I requested the court to "appoint me a sit-in-attorney in an advisory capacity. Yes"(Bold and italics added for emphasis)(R. 21).*

At this point, petitioner had not been arraigned, even prior to the so called- Faretta hearing, Petitioner motions were denied, (R. 4-17) petitioner was subjected to insurmountable prejudices after the so-called Faretta hearing, for example, Mr. Rand Neeley of the United States Attorney's office (R.29-30), Mr. Allen Jones (R.34), and petitioner's jury had been struck and sworn before petitioner was arraigned (R. 47-60). The right of a defendant to have counsel present at arraignment is a jurisdictional prerequisite to a conviction, Weakley. The special prosecutor says:

> "MR. WHIGHAM: "To my knowledge, there has been no arraignment. But, I know of no requirement and we have no objection to reading what he is charged with" (R.59-60). See also Ala. Rules Crim. Proc. Rules 14.1(c) and Rule 14.2 (a).

The state asserts petitioner was seeking some sort of "hybridized representation of his own design." The record fails to show petitioner sought hybridized representation, petitioner suggestion shows otherwise:

> . . . "When a Pro Se individual, who is unlearned in law asks for a sit-in attorney, it is granted with the express stipulation that the attorney and the Pro Se individual not be questioning the witness at the same time, or if one is questioning, the other will not *__or something to that effect__*, (R. 22-23).

Contrary to the state's reasoning, if appointment of standby counsel rests within the discretion of the trial court, as asserted, certainly, the trial court has discretion to stipulate the role of such standby attorney, "or something to that effect." Clearly, the court has discretion to appoint a standby attorney, Ala. Rule Crim Proc. Rule 6.1 (b). Additionally, the Alabama Constitution of 1901 provides "That in all criminal prosecutions, the accused has a right to be heard by himself __and__ counsel, __or either__" . . . Art. I §6. Ala. Const. 1901. Petitioner sought a "sit-in-attorney in an advisory capacity" sanctioned by law, Rule and the Alabama Constitution. Petitioner never relinquished his Sixth Amendment Right according to clearly established law of our Federal Court of Appeals for the 11th Circuit. The record here only shows petitioner stating, "well I will request, your honor have a sitting attorney, but I am planning to represent myself before the jury. That is what I plan to do" (R. 18). To satisfy itself as to validity of waiver of right to counsel, trial court is required do more than just ask pro forma questions; it should explain difficulties inherent in any criminal trial, including inform defendant of charges, included offenses, and possible range of punishment, (U.S.C.A. Const. Amend. 6). Here, as the record show, just the opposite occurred, and on the very day of the trial, (emphasis added), the court failed to arraign petitioner prior to "pro forma" questions; he failed to explain the disadvantages of self-representation and difficulties inherent in 'any criminal

7

trial, and the possible punishment." As stated in <u>Stokes v. Singletary</u>, 952 F. 2d 1567 (11th Cir. 1992), the voluntary, knowing, and intelligent waiver of the right of counsel has two distinct dimension. First, the relinquishment of the right must have been voluntary in the sense that is the product of a free and deliberate choice rather than intimidation, coercion or deception. Second, the waiver must have made with a full awareness both of the nature of the right being abandoned and the consequences. As the record clearly shows, petitioner request for counsel went unanswered, the court did not deny petitioner's request, or the prosecution's proposed order and motion. As stated above, the relinquishment must have been voluntary in the sense that it was the product of free and deliberate choice rather than deception. By asserting the right to counsel, only rarely will standards for determining whether defendant understood risks of self-representation be satisfied absent hearing at which defendant is <u>expressly advised of the risks and disadvantages of self-representation,</u> again petitioner was unaware of difficulties inherent in his criminal trial, and the court made no attempts to remedy petitioner's ignorance.

Despite the court's stated reasons, citing <u>U.S. v. Cash</u>, and <u>Fitzpatrick v. Wainwright</u>, these petitioners had been afforded appointed and retained counsels prior to their trials. In <u>Cash</u>, for example, at the arraignment and in the presence of his 'appointed counsel" indicated orally that he wished to represent himself. Incidentally, <u>Cash</u> education and background indicates he was a self-styled Reverend, was 36 years old, had a degree in business administration, he claimed to have legal training resulting from "self-taught study and research, and worked as a self-employed legal consultant for seven years, earning approximately $30,000 a year. (2) He had contact with an appointed lawyer, and two retained lawyers prior to trial. (3) He stated that he understood his case,

the charges against him, and the sentence he might face. (4) he demonstrated knowledge of courtroom procedure, the roles of the participants, the types of pleas he could make and appropriate courtroom behavior, the record also indicates, Mr. Cash has a good level of knowledge about courtroom procedures due to his previous work as a legal consultant. (5) Cash had no prior experience in criminal trials. (6) The district court asked that one of Cash's retained lawyers remain available in the courtroom "to consult with Mr. Cash or to take over his defense if he changes his mind or needs to talk to you." (7 and 8) Petitioner made no allegation of mistreatment or coercion and there was no indication that petitioner waived counsel in order to manipulate the proceedings.

In his case, *Fitzpatrick* appeared with private counsel for his release and initial discovery proceedings, counsel withdrew, and another private counsel appeared but, because of insufficient liquid assets, that counsel withdrew, however, another private attorney filed notice of appearance April 13, 1982. On May 3, 1982, *Fitzpatrick* indicated that yet another attorney would likely appear for the trial. The prosecution filed motion, asserting, Fitzpatrick was using the attempts to retain attorneys as a delay tactic. The court ordered *Fitzpatrick* to retain counsel by May 28, 1982 or represent himself. Finally, *Fitzpatrick* signed a waiver of counsel form and expressly waived the right to counsel on the record:

> Q:   Mr. Fitzpatrick, so the record can be crystal clear, are you now saying that you need counsel?
>
> A:   No, I am not saying I need counsel.
>
> Q.   So, you fully understand your rights to have an attorney, and knowing that you waive that?
>
> A:   Yes, at ten eighteen, July 12th, I waive that right.

9

As specially noted in <u>Carnley</u>, "That Court held that when the Constitution grants protection against criminal proceedings without the assistance of counsel, counsel must be furnished "whether or not the accused requested the appointment of counsel", right to be furnished counsel does not depend on a request." Here, the record does not indicate where the court declined to appointed standby counsel as stated by the court, nonetheless, the record does show the abrupt transition from the issue to the prosecution proposed order and petitioner weary and unknowing deception/relinquishment without any indication directed to the request. Petitioner says:

> MR. BAKER: No, sir. You can Rule on it. It up to you and I will make an objection and we can move on and we will take it up on appeal.
>
> THE COURT: Okay. That is predisposing that you are found guilty of this.

If the request was expressed or implied, as asserted, the record shows petitioner requesting the court to rule on the motion and the petitioner would object and take it upon on appeal, (R. 23). Clearly, any such relinquishment was not knowingly, intelligently, or voluntarily made.

## CONCLUSION

Our Federal Court of Appeals has stated in numerous cases, what constitutes a voluntary waiver of Sixth Amendment Counsel. Petitioner did not make a clear and unequivocal assertion of right to self-representation and was not shown to understand disadvantages of self-representation; and the court did not state specific disadvantages of proceeding without attorney and did not stress that it would not help petitioner. U.S.C.A. Const. Amend. 6. Based on the forgoing arguments and authorities, the record in this case

and the Petition itself, Petitioner, Jeffery Baker Jr, Respectfully urges this Honorable Court to grant the Writ of Habeas Corpus. It is so prayed and respectfully Submitted in good faith.

Done this the 28th day of April 2006.

*Jeffery Baker Jr.*, Petitioner
1357 County Road 3348
Brundidge, Al 36010
334-735-3548


BEFORE ME, the undersigned NOTARY PUBLIC did personally appear Jeffery Baker Jr, who states to me he is aware of the contents of the Amended petition for Writ of Habeas Corpus and that the amended petition is true and correct and that he placed the same in the U.S. mail on April 28, 2006, and that he execute the same voluntarily on this date.

Sworn to and subscribed before me on this 28th day of April 2006.

NOTARY PUBLIC

My Commission Expires: Nichelle W. Simmons, Notary Public
Pike County, State of Alabama
My Commission Expires on 3-23-10

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day, April 28, 2006 served the forgoing Amended Petition for Writ of Habeas Corpus on the following by United States mail with postage pre-paid and affixed thereto and properly addressed as follows:

Mr. Cecil G. Brendle, Jr.,
Assistance Attorney General
11 South Union Street
Montgomery, Alabama 36130

Jeffery Baker Jr,