IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JEFFERY BAKER JR,   *
                    *
    Petitioner     *
                    *
vs.                 *   CIVIL ACTION NO.
                    *   2:06-CV-61-ID
                    *
RUSSELL THOMAS, Sheriff, et, al   *
                    *
    Respondents,   *

### PETITIONER'S REPLY TO RESPONDENT'S ANSWER

Comes now the Petitioner in the above-styled cause, pro-se, unlearned in law; therefore subject to error, respectfully, and in good faith, and responds to the respondent's answer in accordance with the Magistrates' Order issued April 12, 2006, and Rule 5 of the Rules governing Habeas Petitions in the United States District Courts, petitioner represents as follows:

### GROUND ONE

1.  Petitioner's Federal claim that he did not knowingly, intelligently, and voluntarily waive is right to counsel is not procedurally barred from review by this court. Petitioner shall affirmatively establish cause for his failure to follow the state's procedural rules and show prejudice resulting from the failure, *Wainwright v. Sykes 433 U.S. 72 (1977)*. Petitioner avers he was deprived of due notice following the Alabama Court of Criminal Appeals' denial of petitioner's timely petition for rehearing.

Petitioner's failure to present the claim in a petition for writ of certiorari to the Alabama Supreme Court was circumvented through no fault, neglect, or error of the petitioner.

At the beginning, Petitioner recognized the exhaustion requirement, 28 U.S.C. §2254. Petitioner's memorandum of law in support of the petition for writ of Habeas relief affirmatively shows good cause why the claim was not presented to the Alabama Supreme Court in a petition for writ of certiorari following the Alabama Court of Criminal appeals' denial of petitioner's rehearing petition. Petitioner avers there is an absence of available state corrective process and/or circumstances exist that render the state's procedural process ineffective to protect the petitioner's Constitutional rights, under external circumstances.

More specifically, according to Alabama Rules of Appellate Procedure, petitioner had 14 days following the denial of the rehearing petition in the Alabama Court of Criminal Appeals to seek review in the Alabama Supreme Court by way of a writ of certiorari, Ala R. App. Proc, Rule 39. The Alabama Rules of Appellate Procedure requires each party to the appeal be notified of any order or opinion respecting petitioner's Rehearing petition, Ala. App. Pro. Rule 17. Petitioner's was not notified of the Court of Criminal Appeals order, or opinion respecting petitioner's Rehearing denial. Any such order or opinion respecting the petitioner's rehearing petition, "failed delivery, or was misappropriated by person or persons and before such delivery was made to petitioner's mailbox. If the Clerk of the Court Criminal Appeals complied with Rule 17, Rules, 2 (d) and Rule 26 (b) of the procedural Rules, provides the Alabama Supreme Court may not enlarge the time for filing a petition for certiorari. Petitioner did not discover his rehearing petition had been denied until the certificate of judgment arrived at

his mail receptacle January 6, 2006, and contact was made with the clerk of the Court of Criminal Appeals. There is the absence of an available state corrective process under petitioner's Fourteenth Amendment right to prompt notice and fair opportunity that covers the situation here causing the procedural bar asserted by Respondents. Upon discovering the petition for rehearing had been denied, petitioner immediately filed motion and affidavit to vacate and set aside certificate of judgment, or reinstate appeal. (A copy of the said motion and order disposing of the motion is attached as exhibit #1).

Circumstances exist that render the state procedural rules ineffective to protect the petitioner's Fourteenth Amendment rights. Petitioner avers that prior to the issuance of the Certificate of Judgment January 4, 2006, Petitioner had not been served notice of the Court's order denying the rehearing petition under the Alabama Procedural Rules. Petitioner had no knowledge, actual or constructive, that his rehearing application had been denied prior to receiving the certificate of judgment on January 6, 2006. Petitioner's lack of notice that his rehearing application had been denied circumvented petitioner's timely application in accordance with Rule 39 of the Alabama Rules of Appellate Procedure. Petitioner is unduly prejudiced through no fault, diligence, or neglect of his own design. Nonetheless, upon receiving the Certificate of Judgment on January 6, 2006, petitioner immediately filed motion to vacate, and set aside the certificate of judgment, with supporting affidavit, attesting to the failed delivery of the order denying Petitioner's Rehearing Petition. The issuing Court summarily denied petitioner's motion to vacate and set aside the certificate of judgment and/or reinstate appeal January 10, 2006, (A copy of the denial is attached hereto as exhibit 1).

Additionally, Petitioner filed a Petition for Extraordinary Writ in the Alabama Supreme Court pursuant to Rule 21 (c), supported by affidavit(s) and a Motion for Temporary Restraining Order pursuant to Rule 65. The petition in the Supreme Court again attested to the fact petitioner was not notified of the rehearing denial of the Court of Criminal Appeals. Petitioner's Motion for Temporary Restraining Order unequivocally invoked Rule 65 of Ala. Rules of Civil Procedure, and the Petition for Extraordinary Writ explicitly invoked Rule 21 (c) Ala. Rules of Appellate Procedure. The Alabama Supreme Court construed/relabeled Petitioner's Motion and petition as a "Writ of Mandamus, Criminal." Petitioner's Petition and motion for Temporary Restraining order were denied on April 21, 2006, (A copy of Petitioner's petition, motion, and the denial is attached hereto as exhibit 2). Petitioner avers circumstances exist that renders the Alabama Appellate procedure ineffective to protect the petitioner's Constitutional Rights to due process and equal protection of the law as provided by the Fourteenth Amendment to the United States Constitution. Petitioner avers that prior to the United States Postal Service delivery of the Certificate of Judgment on January 6, 2006, he had no knowledge, actual or constructive, that the Court of Criminal Appeals' had denied Petitioner's Rehearing Petition on December 16, 2005. Without such knowledge that the Court of Criminal Appeals' had denied the Rehearing application, Petitioner could not have reasonably complied with the States' Procedural Rules, Ala. Rules App. Proc, Rule 39 (c).

Further, Petitioner filed complaint in this Honorable Court, Case No. 2:06-CV-43-WHA; seeking declaratory relief with a determination whether petitioner is entitled to notice of the rehearing denial of the Alabama Court of Criminal Appeals. Petitioner's complaint above cited was dismissed with prejudice on April 10, 2006. Petitioner's

4

motion to amend complaint and his post-trial motions were denied April 24, 2006. Consequently, accordance to the Fourteenth Amendment to the United States Constitution, your petitioner is denied due process and equal protection of the law.

***Please take Judicial notice***: Petitioner is indigent and unable to reproduce or pay the cost of copying and certifying the complaint filed in the Unites States District Court case: 2:06-CV-43-WHA. However, the Magistrate assigned this habeas petition, above-styled, is also assigned 2:06-CV-43. The Said complaint and supporting documents are relevant to the issues asserted by Respondents and the Petitioner. Petitioner wishes to adopt the complaint and supporting documents and to incorporate the same herein as if they were fully set out. Otherwise, Petitioner respectfully request that the record be expanded to include the additional materials cited and relevant to Petitioner's Reply.

Accordingly, Petitioner has established cause for his failure to follow the state's procedural rules. Under the Sixth Amendment to the United States Constitution, petitioner is entitled to assistance of counsel in a criminal case. The denial of Petitioner's Sixth Amendment Right to assistance of counsel prejudiced his case. Had the petitioner been afforded his Sixth Amendment Rights, there is a good probability that the outcome of petitioner's trial would have been different. Lastly, the United States Court of Appeals, Eleventh Circuit held, in *Bailey v. Nagle, 172 F. 3d 1299 (11th Cir. 1999)*:

> "Bailey has not shown any cause for not applying the procedural bar. He claims that his inability to effect a timely appeal of the April 14, 1992 denial of the 1992 Rule 32 petition, due his never receiving notice of the circuit court's order, constitutes cause excusing his procedural default. This argument is meritless. **The most it could do is excuse Bailey's failure to exhaust claims made in the 1992 petition (that is, his failure to appeal to denial of the 1992 Rule 32 Petition to the state court of last resort in Alabama).**

Unlike *Bailey*, petitioner immediately challenged his failure to receive notice of the court's actions and/or inactions, in the Alabama Courts of Criminal Appeals and the Court of last resort in Alabama. Additionally, in an attempt to aid the Federal Court in its federal jurisdiction, Petitioner filed complaint in this Honorable Court, 2:06cv-043-WHA. Petitioner avers his failure to receive the notice of the rehearing denial is grounds by which petitioner can escape the procedural default asserted by the Respondents, it is so prayed and respectfully maintained in good faith.

## **FUNDAMENTAL MISCARRIAGE OF JUSTICE**

Additionally, Respondents procedural default assertion does not preclude this Honorable Court from considering Petitioner's federal constitutional claim where Petitioner is able to show that the court's failure to address his claim would result in a fundamental miscarriage of justice, *Schlup v. Delo,* 513 U.S. 298, 320 (1995); *Murray v. Carrier,* 477 U. S. 478 (1986). In order to convict petitioner of criminal mischief in the third degree, Ala. Code §13A-7-23, [1] based on the facts giving rise to the purported property damages, the prosecution is required to show, (1) petitioner's intended to damage the property, (2) that he had no right to do so or any reasonable ground to believe that he had such right (3) and the damaged inflicted does not exceed $250.00. The property purportedly damaged in this case, was a steak (piece of beef, cow), the value of which is not shown by the record, however, not exceeding two dollars and fifty cents ($2.50). Mrs. Linda Jeater testified, "We call around and we get the best price (RR. 235). She also testified, "you could have come paid and I would have let you eat, (RR. 236). The record shows petitioner's following question to Mrs. Linda Jeater: "Didn't you tell

---

[1] Code of Alabama §13A-7-23 provides: A person commits the crime of criminal mischief in the third degree if, with intent to damage property, and having no right to do so or any reasonable ground to believe that he has such a right, he inflicts damages to property in an amount not exceeding $250.00.

me that was your steak and didn't I offer to pay you for it? Did I not? " The record also shows the prosecutions' objection to petitioner's question and the court's sustaining it, (RR. 238-239). There is a question as to whom the property actually belonged to. First, Mr. Williamson claimed the property belonged to Mrs. Myra Ellis (CR, 562) Mrs. Jeater testified the property belonged to her, to end with, Mrs. Tyner filed complaint contending the property belonged to her. Petitioner did not testify at his trial because he was without the aid of Sixth Amendment counsel. Had Petitioner been afforded his constitutional rights to the advice of counsel, the want of sufficient evidence to support the conviction would have been exposed at the trial. Due process and equal protection requires that no person be made to suffer the onus of a criminal conviction except upon sufficient proof, defined as evidence necessary to convince a trier of fact beyond reasonable doubt of the existence of every element of the offense, *Jackson v. Virginia*, 99 S. Ct. 2781 (1979). Because petitioner did not knowingly, intelligently, or voluntarily waive his right to counsel at his trial, the conviction resulted in a fundamental miscarriage of justice. The state did not produce any physical evidence or its equivalence. There is not evidence that the property was damaged. With the exception of Bob Williamson, no other person testified that they saw the property broken into three pieces; the basis of the offense, Ala. Code §13A-7-23. More importantly, the elements of the crime, that, petitioner intended to damage the property, that he had no right to do so or any reasonable ground to believe that he had such right was un-refuted because petitioner was denied his constitutional Right to counsel. Had petitioner been afforded his constitutional rights to aid of counsel, the lack of all the necessary elements to sustain the conviction would have been challenged, if not, petitioner could pursued an ineffective assistance of counsel claim.

Clearly, a reasonable person could easily believe he had a right to eat at a courthouse party, especially when invited to do so, (R. 181, 184, 187) The Reporters record (R. 187 ) shows, petitioner and Bob Williamson were "Tussling" when the $2.50 steak was purportedly damaged. The record shows the jury deliberations and their considered questions (R. 404-410) regarding the genuineness and truthfulness of the government employees (all witnesses were government employees). Petitioner shows there is no physical evidence that the property was actually damaged, more importantly, according to testimony, petitioner and Bob Williamson were engaged in an altercation when the property was purportedly damaged, (R. 187), see also USDCMDA Case Nos. 2:06cv-201-MHT, *Alabama v. Baker*, 222 F. Supp. 1296 (M.D. Ala. 2002), and 2:04cv1085-MHT. None of petitioner's witnesses was compelled to appear as required by the Sixth Amendment to the United States Constitution. For example, Pike County Sheriff, Russell Thomas, was at the party, petitioner personally sought complained with Russell Thomas at the party, he refused to appear under petitioner's compulsory process. Other important and relevant witnesses, refused to appear under petitioner's compulsory process. Because of the character of the charged offense, (damage to a steak in the amount of $2.50) petitioner's trial was inundated with complicity, fraud, and misrepresentations. Because petitioner was denied his constitutional rights to the aid of counsel, the conviction cannot be relied on as having produced the just result, and the same resulted in a fundamental miscarriage of justice, *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U. S. 478 (1986). If the court rejects the petitioner's claim on the procedural grounds asserted by Respondents, Petitioner will be denied both the state remedy and federal his remedy and the fundamental miscarriage of justice will continue unabated. As a result,

there is no other lawful way by which the petitioner may vindicate his Constitutional Rights in the State of Alabama.

## GROUND TWO

2.  Petitioner admits to Respondents contention regarding ground two, that, petitioner never presented such claim in the state courts and presentation of such claim would now be barred by the state's procedural rules, *Teague v. Lane*, 489 U. S. 288; *Bailey v. Nagle*, 172 F. 3d 1299, 1303 (11th Cir. 2002). A review of the record and trial transcript, however, shows Petitioner, by separate Motion, moved the trial court to "TO RELEASE AND/OR MODIFY SENTENCING" (CR. 783-787). Additionally, petitioner filed "OBJECTION TO THE APPELLANT BRIEF AND MOTION FOR NEW APPELLATE COUNSEL" in the Court of Criminal Appeals on or about April 11, 2005. In Petitioner's objection to The Appellant Brief and Motion for New Appellate Counsel, petitioner submitted affidavit attesting the appointed Appellate counsel failed to raise ten (10) issues the appointed counsel and petitioner had agreed would be presented in his appellate brief in the direct review to the Court of Criminal Appeals. One of which is petitioner sentence is excessive in violation of the Eighth Amendment. Although the Petitioner insisted all his grounds be presented, his appellate counsel filed a brief and argument containing only one ground, whether petitioner knowingly, intelligently, and voluntarily waive his right to counsel. Petitioner submit, his timely Motion for New Trial (CR. 788-800), squarely presents his issues to the State Courts. These issues could have been raised but were not and are now therefore precluded from post conviction relief, Ala. Rule Crim. Pro. Rule 32, and unexhausted within the meaning of 28 U. S. C. 2254.

Nevertheless, in accordance with the Supreme Court's holding in, Rose *v. Lundy*, 455 U. S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982), . . .

> "We hold that a district court must dismiss such mixed petitions, leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court."

In *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005) the U. S. Supreme Court held:

> "It would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. . . . " the total exhaustion requirement was not intended to unreasonably impair the prisoner's right to relief."

> "For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. .

> (A petitioner can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims).

In accordance with the above-cited holdings, Petitioner hereby amends the Habeas Petition and dismisses ground two, specifically, that the sentence is excessive and violates Petitioner's Eighth Amendment Rights. Petitioner's motion to amend the habeas petition along with the Amended Habeas Petition is submitted contemporaneously.

- **Please take Special Judicial Notice of the following**, on or about March 29, 2006, Respondents submitted their answer to petitioner's petition for Federal Habeas Review with supporting Exhibits A through G. Nevertheless, Respondents failed to service petitioner with a copy of their answer and supporting exhibits A-G. On April 12, 2006, this Honorable Court ordered Respondents to provide petitioner with a copy of the

answer along with the exhibits by April 20, 2006. On April 18, 2006, Respondents provided petitioner with the record and exhibits. According to Respondents Exhibit E, (Application for Rehearing; CC-03-249; CR-04-0068), <u>Petitioner's Brief in Support of Application For Rehearing</u> is missing from Respondents Exhibit E, said exhibit E is dated September 9, 2005. Petitioner Brief in Support of Application for Rehearing was filed on October 11, 2005. Furthermore, on or about January 23, 2006, Petitioner duly filed this instant Habeas Corpus Petition, with supporting documents in the United States District Court for the Middle District of Alabama. On February 10, 2006, the Clerk for the United States District Court for the Middle District of Alabama, Returned Petitioner's supporting documents, which contains Petitioner's Brief in Support of Application for Rehearing, a copy of the clerk's letter returning petitioner's supporting material is attached as exhibit 3. Petitioner believes he will be deprived of full and fair habeas review in the United States District Court if his supporting documents are effectively dismissed and remains unavailable for such federal Habeas Review. Petitioner request the court to take special judicial notice of petitioner's abated documents in substantial support of his Federal Claim and to issue an appropriate order for its resurrection herein accordingly, it is so prayed and respectfully requested.

## CONCLUSION

Based upon the forgoing reasons and affidavit in support filed herewith, petitioner has established cause and prejudice resulting in his not following the state's procedural Rules. Petitioner maintains he is now entitled to Federal habeas review as the state has had full and fair opportunity to redress petitioner's claimed federal constitutional violations. It is so prayed and respectfully submitted in good faith.

Done this the 28th day of April 2006.

Jeffery Baker Jr., Petitioner
1357 County Road 3348
Brundidge, Al 36010
334-735-3548

BEFORE ME, the undersigned NOTARY PUBLIC did personally appeared Jeffery Baker Jr, who states to me he is aware of the contents of the Reply to Respondents Answer and that the same is true and correct and he executes the same voluntarily under the penalty of perjury.

Sworn to and subscribed before me this 28th day of April 2006.

NOTARY PUBLIC

Nichelle W. Simmons, Notary Public
Pike County, State of Alabama
Commission Expires on 3-23-10

My Commission Expires:

## CERTIFICATE OF SERVICE

I hereby certify that I have this day, April 28, 2006, served the forgoing reply to Respondents answer on the Attorney of Record for the Respondents by United States mail with postage pre-paid and affixed thereto and properly addressed to him as follows:

Mr. Cecil G. Brendle Jr.,
Assistant Attorney General
11 South Union Street
Montgomery, Al 36130-0152

_____
Jeffery Baker Jr.,