# COURT OF CRIMINAL APPEALS
# STATE OF ALABAMA

H. W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges



Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

CR-04-0068

Jeffery Baker v. State of Alabama  (Appeal from Pike Circuit Court: CC03-249)

## ORDER

Appellant's motion to vacate and set aside the certificate of judgment and or reinstate appeal is DENIED.

Done this the 10th day of January, 2006.

_____
H.W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Jeffery Baker, Pro Se
    Cecil G. Brendle, Jr., Asst. Atty. Gen.

EXHIBIT # 1

## IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

JEFFERY BAKER JR.,

 Appellant

vs.

 Case No. CR-004-0068

STATE OF ALABAMA

 Appellee

FILED
JAN - 9 2006
CLERK
ALA COURT CRIMINAL APPEALS

To:  Presiding Judge, H.W. McMillan

### MOTION AND AFFIDAVIT TO VACATE AND SET ASIDE CERTIFICATE OF JUDGMENT, OR REINSTATE APPEAL

Comes appellant, Jeffery Baker Jr, pro se and unlearned in law; subject to error, respectfully and in good faith and moves the Court to vacate and set aside, the certificate of judgment, and/or reinstate the appeal, as grounds, appellant shows the following:

1.  On January 6, 2006, appellant received the certificate of judgment herein making the judgment of the Court of Criminal Appeals final.

2.  On October 11, 2005, appellant submitted application for rehearing, which was, according to information received from the Clerk's office on January 6, 2006, denied on or about December 16, 2005.

3.  Appellant shows he did not receive notice of the Court's action above as required by Rule 17 of the Alabama Rules of Appellate Procedure and was thereby prevented from petitioning the Supreme Court for further review and

thereby staying the issuance of certificate of judgment pursuant to Rule 41 (b) ARAP.

4. Upon receiving the Certificate of Judgment, appellant immediately contacted the Clerk of the Court of Criminal Appeals for substantiation and Mr. Jeffery C. Robinson, the attorney of record, and requested he fax appellant a copy; however, Mr. Robinson indicated he had not received notice of the denial of the Rehearing Petition.

5. An apparent oversight on the part of the United State Postal Service has occurred, or perhaps an oversight of the Court.

6. As a result of the above, appellant is deprived of due process and equal protection and the possibility of loss of his liberty with fifteen days of the oversight.

7. The issue(s) presented in appellant's rehearing application and the case law cited by the Court in its opinion issued August 26, 2005, is in conflict with the holding in Faretta v. California, 422 U.S. 806 (1975); Alabama Constitution of 1901, and the Eleventh Circuit Court of Appeals.

8. Manifest injustice will be the result if notice the requirement and ample time to respond is not applied in this appeal. Appellant will be denied due process and equal protection of law and the legitimate and adequate remedy lost by virtue of an obvious oversight or error and no way attributable to neglect or any action or inaction of the appellant.

2

WHEREFORE appellant respectfully moves the Court to stay, set aside, and vacate, the Certificate of Judgment issued January 4, 2006 herein and reinstate the appeal, or use any other available avenue under the Court's discretion to afford appellant with notice and due process and equal protection of law, such is in the best interest of justice; all parties concerned and will not prejudice the parties to the appeal. It is so prayed and submitted in good faith.

## AFFIDAVIT IN SUPPORT OF MOTION

Before me, the undersigned NOTARY personally appeared Jeffery Baker Jr, who after being duly sworn, states the following:

My name is Jeffery Baker Jr, I am over 21 years of age and I have personal knowledge of the statements contained in this affidavit. On December 16, 2005, and a number of years prior to December 16, 2005, I resided at 1353 County Road 3348, better known as "Baker Road" in Brundidge, Alabama. I am personally acquainted with the United States Post Master for the United States Postal Service in Brundidge, Alabama and am personally acquainted with both rural postal carriers for my postal route. I receive all my mail, properly addressed or not, at the said address. Prior to December 16, 2005, and up to the present day, I collect all mail delivered to said mailbox, 1353 County Road 3348 Brundidge, Alabama 36010. Under the pains and penalty of perjury proscribed by Alabama and Federal law, I hereby swear, attest, declare, and decree that no order or notice of the denial of the Rehearing petition issued by the Court of Criminal has come into or been delivered by the United States Postal Service at the address listed above. To

affiant personal knowledge, no other person has collected mail from affiant's mailbox at 1353 County Road 3348.

On January 6, 2006, I received the Certificate of Judgment issued on January 4, 2006, by the Court of Criminal Appeals certifying the judgment of the aforesaid Court as final at my legal mailing address above. Upon receiving the Certificate of Judgment, I immediately contacted the Clerk's office to ascertain whether any decision had been reached on the application for Rehearing duly submitted October 11, 2005. The Clerk's office informed affiant that the rehearing application was denied December 16, 2005 and notice was forwarded to both affiant and Mr. Jeffery C. Robinson. Thereafter, I contacted the office of Mr. Jeffery C. Robinson, and requested a copy of the court's order denial of rehearing petition. Mr. Robinson's secretary indicated they had not received any such denial of the court and stated Mr. Robinson will be contacting the Court of Criminal Appeals for clarification.

Affiant denies that he received the Court's order or any such notice that the rehearing application had been denied. Affiant further swear all mail coming into the mailbox at 1353 County Road 3348 has been ritualistically retrieved by affiant personally in great anticipation of the court's decision and Certiorari review in the Supreme Court of Alabama. Affiant believes the issue(s) presented in the rehearing application are novel and needs addressing by the Supreme Court. Affiant's issue(s) will go unresolved if due consideration is not given by the

Courts, and affiant will be denied of proper notice and due process and equal protection of laws.

Done this day, January 9, 2006.

_____
Jeffery Baker Jr,
1353 County Road 3348
Brundidge, Al 36010

BEFORE ME, the undersigned NOTARY PUBLIC did personally appeared Jeffery Baker Jr, who states to me he is aware of the contents of the foregoing Motion and affidavit and that he did execute the same voluntarily.

Sworn to and subscribed before me this ___9th___ day of January 2006.

_____Wilma Price_____
NOTARY PUBLIC

My Commission Expires: 

Wilma Price, Notary Public
Pike County, State of Alabama
My Comission expires on 3-28-06

## CERTIFICATE OF SERVICE

I hereby certify that I have, this date, January 9, 2006 served the forgoing Motion and affidavit in support upon the following by placing same in the United States Mail, postage prepaid, and properly addressed as follows:

Court of Criminal Appeals
300 Dexter Avenue
Montgomery, Alabama 36130

Mr. Cecil G. Brendle, Jr.,
Assistance Attorney General
11 South Union Street
Montgomery, Alabama 36130

*[signature]*
Jeffery Baker Jr,