IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| JEFFERY BAKER, JR. | * | |
| Petitioner, | * | |
| v. | * | 2:06-CV-61-ID |
| | | (WO) |
| RUSSELL THOMAS, SHERIFF, *et al.*, | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On May 1, 2006 Petitioner filed a pleading captioned as a Motion to Amend Petition for Writ of Habeas Corpus. (Doc. No. 24.) In support of his pleading, Petitioner asserts that he wishes to withdraw his claim that his sentence is excessive in violation of the Eighth Amendment. He indicates that the sole issue presented for the court's consideration is his allegation that he did not knowingly, intelligently, and voluntarily waive his Sixth Amendment right to counsel. Upon consideration of Petitioner's May 1, 2006 request, which the court construes as a Motion to Dismiss one of the claims previously presented in the instant habeas petition, the court concludes that the motion should be granted.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Petitioner's May 1, 2006 pleading, construed as a Motion to Dismiss claim that his sentence is excessive in violation of the Eight Amendment (Doc. No. 24), be and is

hereby GRANTED;

2. Petitioner's remaining claim regarding whether he knowingly, intelligently, and voluntarily waived his Sixth Amendment right to counsel be referred back to the undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **May 18, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

    Done this 4th day of May 2006.


    /s/ Vanzetta Penn McPherson
    VANZETTA PENN MCPHERSON
    UNITED STATES MAGISTRATE JUDGE