IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 DEC 12  A 10: 24

...RA P. HACKETT, ...
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

|  |  |  |
|---|---|---|
| **JEFFERY BAKER JR,** | * | |
| | * | |
| Petitioner, | * | |
| | * | **Case No.  2:06-CV-061-ID** |
| **vs.** | * | |
| | * | |
| **RUSSELL THOMAS, *et, al.,*** | * | |
| | * | |
| Respondents., | * | |

TO: HONORABLE IRA DeMENT
    SENIOR UNITED STATES DISTRICT JUDGE

## MOTION TO STAY

Comes now Petitioner, Jeffery Baker Jr, Pro-Se, unlearned in law; subject to error, respectfully in good faith, and moves this Honorable Court; Pursuant to 28 U.S.C §§1651 (a), §2241(a), and 28 U.S.C. §2251 (a) (1); and Rule 62 of the Federal Rules of Civil Procedure, and Rules Governing §2254 Cases in the United Stated District Courts, or any other unknown Rule or provision to stay the judgment and sentence entered in the Pike County Circuit Court on October 7, 2004. Petitioner shows good cause as follows:

1. Petitioner was sentenced to 180 days in the pike jail, all but 30 days suspended, conditioned on: (1) petitioner stays out of trouble, (2) pay all assessed fines and costs at the rate of $100 per month, and (3) successful completion of an anger management course.

2. Petitioner timely objected to the judgment and sentence imposed, and requested a stay pending the appeal.

3.    The petitioner's objection and request for appeal bond were denied and petitioner was immediately ordered into the custody of the pike county sheriff to serve the sentence imposed, effectively overruling Alabama Rules of Criminal Procedure, Rule 7.2 (c) (2) (i).

4.    Petitioner served 21 days of the sentence imposed before an appeal bond was ultimately granted.

5.    The Court of Criminal Appeals issued a certificate of judgment on January 4, 2006; however, petitioner was not duly notified of his rehearing denial, accordingly,

6.    Under the terms and conditions of the appeal bond, petitioner surrendered to the pike county sheriff within 15 days of the issuance of the certificate of judgment affirming the judgment and sentence imposed October 7, 2004 above.

7.    Petitioner's sought federal habeas corpus review in the above named court on January 20, 2006. However, petitioner did complete the suspended jail sentence imposed but failed to request a stay pending habeas review.

8.    Nevertheless, the respondents were ordered to answer petitioner's petition and petitioner timely filed his response thereto with supporting documentation on May 1, 2006.

9.    The magistrate issued an initial recommendation on May 4, 2006, which was adopted by this Honorable Court on May 22, 2006; referring the case back to the magistrate judge for further proceedings.

10.    The petitioner filed a Motion to Publish the Recommendations and Findings of the Magistrate Judge on November 27, 2006. The Court denied petitioner's

motion to publish on November 29, 2006, and ordered the magistrate's recommendation be handled in due course.

11.    Petitioner shows one-year has nearly elapsed since petitioner sought habeas review in the federal Court.

12.    Based upon the strength of the federal issue presented; the supporting documentation, and the respondents answer, petitioner is likely to succeed on the merits of the lone issue presented for federal habeas review: "whether the petitioner voluntarily, knowingly, and intelligently waived his Sixth Amendment Right to counsel by asserting a clear and unequivocal right to self representation.

13.    The petitioner made an unequivocal assertion for his Sixth Amendment Counsel that is well established and preserved in the record before this Honorable Court. Petitioner's federal challenge falls well within Constitution and Supreme Court settled law as it relates to Sixth Amendment waiver of counsel.

Therefore, based upon the lone issue presented, "whether the petitioner voluntarily, knowingly, and intelligently waived his Sixth Amendment Right to counsel by asserting a clear and unequivocal right to self representation; the supporting documentation, and clearly established case law, petitioner is more likely than not to prevail on the Sixth Amendment claim.

(A).    Pursuant to Rule 10 (c) of the Federal Rules of Civil Procedure, and the Rules Governing Habeas Corpus Petitions in the United States District Courts, Petitioner hereby adopt and incorporates his habeas petition, affidavits, exhibits, and supporting documentation in support of the Motion to Stay.

14.    The Petitioner suffers irreparable harm so long as the appropriate relief in not published. Petitioner shows he was immediately sentenced to the pike county jail without the equal benefit of Alabama law, for reasons now apparent. Petitioner was denied an appropriate appeal bond for the misdemeanor offense "allegedly" involving damage not exceeding $2.50 during an unprovoked assault at the unlawful Courthouse event illegally held September 6, 2002.

15.    Petitioner is required to complete an anger management course and pay court costs, fines, and restitution of over $1700 at the rate of one hundred dollars ($100) per month beginning January 4, 2006, pursuant to the issuance of the certificate of judgment.

16.    Petitioner continues to suffer irreparable injury due to acute depression associated with his inability to pay the court ordered fines, costs, and restitution, and the costs and expense of the an anger management course.

17.    The court ordered anger management course, in and of itself, is an undue impediment significantly restraining petitioner's liberty, where such anger management course requires six months to complete, in addition to the expense of traveling to and from Tuskegee, Alabama at an additional costs and expenses.

18.    Petitioner's suspended sentence is premised on the condition that the petitioner pays ALL fines, costs; restitution, and completion of an anger management course.

19.    At the pleasure of the sentencing court, petitioner is subject to the terms and conditions of the judgment and sentence imposed October 7, 2004.

20.     If the Honorable Court does not grant the stay, the petitioner will be required to pay the above fines, costs, and restitution, and to complete an anger management course in advance of his federal challenge, which is more likely than not to be successful.

21.     If the Stay is not granted, petitioner will suffer further anguish and economic hardships. Notwithstanding, petitioner has already suffered irreparable injuries, in that; he has already served 30 days of the 180-day sentence and failed more than 12 credit hours of college studies resulting in additional expense and hardships.

22.     Additionally, petitioner plans to resume his undergraduate studies at Auburn University at Montgomery, January 2007. However, with the uncertainty associated with the terms and conditions of the suspended sentence, petitioner is caused to suffer additional anguish and hardship, where, at the pleasure of the sentencing court, petitioner may be required to complete the suspended sentence; for the time being, conditionally suspended.

23.     Furthermore, at the time of petitioner's sentence and imprisonment(s), petitioner was a full-time student at Auburn University at Montgomery (AUM). Petitioner failed four classes, (one semester) due to the imposition of the immediate sentence. At the pleasure to the sentencing court, petitioner will be required to miss classes and/or drop courses petitioner plans to resume in January 2007. The Petitioner; a senior, will be unable to enroll and continue his intended educational pursues due to the suspended sentence and the implementation thereof at the pleasure of the sentencing court.

24.    The Respondents will not be substantially injured if this Honorable Court issues the Stay because respondents only objective should be that justice is done. Petitioner has already suffered irreparable injury in excess of the purported damage ($2.50).

25.    The cost associated with the failed classes and failing GPA is more than $3200, not considering petitioner's gas expense; time, and lost effort, assuming, however, that respondents only motive is for punishment for purported damage not exceeding two dollars and fifty cents ($2.50).

26.    Respondents may not advance any legitimate argument in opposition to the granting of the stay nor may respondents assert a legitimate objection, under all the attendant circumstance.

27.    The public interest lies on the side of the petitioner, in that; petitioner served 30 days of the 180-day sentence imposed for purported damage not exceeding two dollars and fifty cents ($2.50) at the public's expense.

28.    The public interest will be best served by the issuance of the stay, in that; petitioner is likely to prevail on any resultant appeal.

29.    The public expects that the law is reason free from passion.

30.    Granting the stay will best serve the ends of justice and all parties concerned by maintaining the status quo until the appropriate relief sought may be published.

WHEREFORE, THE PREMISES CONSIDERED, petitioner respectfully moves this Honorable Court to stay the judgment and sentence until the appropriate decision is rendered in the case. It is so prayed and respectfully submitted in good faith.

Done this 11th day of December 2006

Jeffery Baker Jr.,
1357 County Road 3348
Brundidge, Alabama 36010
334-735-3548

## CERTIFICATE OF SERVICE

I hereby certify that I have this day, December 11, 2006, served the forgoing Motion to STAY on the Attorney of Record for the Respondents, by placing the same in the United States mail, with postage pre-paid and affixed thereto, and properly addressed as follows:

Mr. Cecil G. Brendle Jr.,
Assistant Attorney General
11 South Union Street
Montgomery, Al 36130-0152

Jeffery Baker Jr,