IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| JEFFERY BAKER, JR., | * | |
| Petitioner, | * | |
| v. | * | 2:06-CV-61-ID |
| | | (WO) |
| RUSSELL THOMAS, SHERIFF, *et al*., | * | |
| Respondents. | * | |

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION AND PROCEDURAL HISTORY

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed Petitioner, Jeffery Baker, Jr.  Petitioner challenges his conviction for criminal mischief in the third degree entered against him by the Circuit Court for Pike County, Alabama, on February 27, 2004.  The trial court sentenced Petitioner to 180 days in jail suspended with 30 days to serve. (*Doc. No. 14, Exh. A*.)

Petitioner appealed his conviction presenting one issue for review. Namely, whether he voluntarily, knowingly, and intelligently waived his constitutional right to counsel by asserting a clear and unequivocal right to self representation. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction and sentence  in a written opinion entered on August 26, 2005.  The appellate court denied Petitioner's application for rehearing on

December 16, 2005 . Petitioner did not seek certiorari review to the Alabama Supreme Court

and the Alabama Court of Criminal Appeals entered a certificate of judgment on January 4,

2006. (*Doc. No. 14, Exhs.  B-E*.)

Petitioner filed the instant application for habeas corpus relief on January 20, 2006.

The sole issue presented by Petitioner is the claim he presented to the Alabama Court of

Criminal Appeals on direct appeal.  Respondents filed an answer in which they contend that

Petitioner's habeas petition is due to be denied because his challenge to whether he

voluntarily, knowingly, and intelligently waived his right to counsel is procedurally

defaulted.  In support of their procedural default argument, Respondents contend that

Petitioner's claim was  not presented to the state courts in accordance with the state's

procedural rules. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

Petitioner took advantage of the opportunity granted to respond to  Respondents'

contention. After reviewing the § 2254 petition, Respondents' answer, and Petitioner's

responses,  the court concludes that no evidentiary hearing is required, and that the petition

is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section*

*2254 Cases in United States District Courts*.

## II.  DISCUSSION

Respondents assert that Petitioner procedurally defaulted his claim that he did not

voluntarily, knowingly, and intelligently waive his right to counsel during his criminal trial

proceedings. In support of their default argument, Respondents maintain that Petitioner failed to properly present this claim in accordance with the State's procedural rules. *See O'Sullivan*, 526 U. S. at 844-45 (1999); *Lambrix v. Singletary*, 520 U.S. 518, 523 (1997). Specifically, Respondents assert that Petitioner failed to present his claim for relief to the highest state court with jurisdiction to review the claim on direct appeal. (*Doc. No. 14 at 3*.)

The procedural default doctrine ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). Thus, claims which have never been presented to a state court or claims which were not exhausted properly in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Collier v. Jones*, 910 F.2d 770, 773 (11th Cir. 1990). *See Gray v. Netherland,* 518 U.S. 152, 161-162 (1996) (where state-court remedies are no longer available because petitioner failed to file a direct appeal or initiate timely state post-conviction action, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991) (citations omitted) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] ... there is a procedural default for purposes of federal habeas."); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when

3

petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted).

This court may reach the merits of Petitioner's procedurally defaulted claims "only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default. *See Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 2644, 91 L.Ed.2d 397 (1986); *[Wainwright v.] Sykes*, 433 U.S. [72,] 87 [(1977)]. ... Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96, 106 S.Ct. at 2678. A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*." *Henderson*, 353 F.3d at 892.

## A.  Cause and Prejudice

"To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir.1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id.*; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11th Cir.2002).

*Henderson*, 353 F.3d at 892.

The court afforded Petitioner an opportunity to demonstrate the existence of cause for his failure to raise his Sixth Amendment claim in the state courts properly and prejudice resulting from this failure. In his responses, Petitioner asserts as cause for his default that he did not receive timely notice of the Alabama Court of Criminal Appeals' decision denying his petition for rehearing, and therefore, he was prevented from exhausting properly the claim presented on direct appeal. Thus, Petitioner contends his failure to present his claim in accordance with the State's procedural rules was due to no fault or error on his part. (*See Doc. Nos. 25, 28*.)

According to Petitioner, he did not learn that his application for rehearing had been denied until he received on January 6, 2006 a certificate of judgment from the appellate court dated January 4, 2006. When he received the certificate of judgment Petitioner immediately filed a motion to vacate and set aside the judgment and/or reinstate appeal. That motion was filed with the appellate court on January 9, 2006. On January 10, 2006 the Alabama Court of Criminal Appeals denied the motion. On January 9, 2006 Petitioner filed with the Alabama Supreme Court a "Petition for Extraordinary Writ, alternatively, Petition for Temporary Restraining Order and for Preliminary Injunction," in which Petitioner requested that the appellate court be enjoined/restrained from enforcing its January 4, 2006 certificate of judgment based on his contention that he never received notice that his application for rehearing had been denied by that court on December 16, 2005. The Alabama Supreme Court

construed Petitioner's petition as a writ of mandamus and denied the writ on April 21, 2006.

(*Doc. No. 25, Exhs. 1,2.*)

Viewing Petitioner's claim as being procedurally defaulted, he has shown cause for his failure to present his federal habeas claim to the state courts in compliance with applicable procedural rules but has not shown actual prejudice from the alleged violation of federal law about which he complains sufficient to overcome his procedural default.[1]    *See*

---

[1]Even if the claim was not defaulted and subject to review by this court, such review would be severely limited by the directives of 28 U.S.C. § 2254(d)(1) and (2). *Williams v. Taylor*, 529 U.S. 362 (2000). Under these sections, habeas relief is appropriate only when a petitioner demonstrates "that a decision by a state court is 'contrary to' . . . clearly established [Supreme Court] law if it 'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.' *Williams v. Taylor*, 529 U.S. 362, 405-406, 120 S.Ct. 1495, 146 L.Ed. 2d 389 (2000)." *Price v. Vincent*, 538 U.S. 634, 640, 123 S.Ct. 1848, 1853 (2003). Additionally, federal review in a habeas action "is limited to whether the state court's decision was objectively unreasonable in the light of clearly established federal law. *Williams,* [529 U.S. at 409],120 S.Ct. at 1521." *Hawkins v. Alabama*, 318 F.3d 1302, 1310 (11th Cir. 2003); *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001) (citing *Williams*, *supra* ("[F]ederal habeas relief [is] available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.' ")). A federal court is not to decide "the correctness *per se* . . . of the state court decision" but only the "objective reasonableness" of such decision. *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). Moreover, "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams*, 529 U.S. at 410 (emphasis in original). "Under § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price*, 538 U.S. at 639. The Supreme Court admonishes that such evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d). . . " *Id.* at 636.

In light of the foregoing, even assuming, *arguendo*, that Petitioner's waiver of counsel claim was subject to federal review, such claim would not entitle him to relief as the state courts properly adjudicated

*Murray*, 477 U.S. at 494.    Nevertheless, this court may still reach the merits of Petitioner's

the claim on the merits.  *Williams*, 529 U.S. at 404-405.  In its decision affirming Petitioner's conviction, the appellate court found that the  record supported Petitioner's decision to represent himself.  Specifically, the Alabama Court of Criminal Appeals found that the record showed that Petitioner represented himself at the district court level on his misdemeanor charge  where he was found guilty and sentenced to costs and fines and that on appeal of the conviction he filed numerous *pro se* motions as he had done in the district court. The appellate court's decision further noted that a *Faretta* (*see Faretta v. California*, 422 U.S. 806 (1976), hearing was held February 23, 2004 with respect  to Petitioner's interest in self-representation and that  Petitioner verbalized several times that he wished to  represent himself, that  he had  paralegal/legal assistant degree, that he had legal experience, that he had represented himself on other matters, and that he was fully capable of representing himself, and only suggesting and/or requesting that a "sit-in  attorney" be appointed to assist him in an advisory capacity because, in his opinion, the trial judge had exhibited a bias towards him.  (*See Doc. No. 14, Exh. A, Exh. D.*)

From its own independent review of the record, the court finds that the appellate court's conclusion that, under the totality of circumstances  Petitioner made a knowing, voluntary, and intelligent decision to waive his right to assistance of counsel, reflects an objectively reasonable application of *Faretta*. As the appellate court stated:

> "[Petitioner] did not unwitting stumble down the path of self-representation
> and the waiver of his right to counsel.  Rather, he sought a hybrid form of
> representation of his choosing; the trial court exercised its discretion and refused
>  to allow [Petitioner] to proceed in that manner; and [Petitioner] knowingly,
> voluntarily, and intelligently chose to waive his right to counsel and to instead
> proceed pro se.

(*Doc. No. 14, Exh. D at 19.*)

Because the state appellate court's decision that Petitioner made a clear and unequivocal desire to conduct his own defense was  not contrary to or an unreasonable application of federal law nor an unreasonable determination of the facts in light of the evidence presented to the state courts, he is not entitled to habeas relief.  *See Faretta*, 422 U.S. at 835;  *see also North Carolina v. Butler*, 441 U.S. 369, 374-76 (1979) (declining to replace totality of circumstances standard for assessing knowing and voluntary waiver of right to counsel with an "inflexible per se rule" requiring such waivers always to be explicit); *Nelson v. Alabama*, 292 F.3d 1291, 1295 (11th Cir. 2002) (failure to hold *Faretta* hearing is not error as a matter of law; if trial record shows defendant knowingly and voluntarily elected to represent himself, *Faretta* standard is satisfied); *United States v. Davis*, 269 F.3d 514, 518-19 (5th  Cir. 2001) (noting that although court "has consistently required  . . . *Faretta* warnings," there is "no sacrosanct litany for warning defendants against waiving the right to counsel," and district courts must exercise discretion "[d]epending on the circumstances of the individual case");  *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) ("*Faretta* does not require a trial judge to permit 'hybrid' representation.");  *Thomas v. Carroll*, 424 F. Supp.2d  738, 748 (D. Del. 2006) (court is not required to determine constantly if defendant's waiver of right to counsel continues to be voluntary once it has already made an initial determination such a waiver is knowing, intelligent, and voluntary).

procedurally defaulted claim in order to prevent a fundamental miscarriage of justice.

## B.  Fundamental Miscarriage of Justice

The miscarriage of justice standard is directly linked to innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995).  Innocence is not an independent claim; instead, it is the "gateway" through which a petitioner  must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315.  This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 496; *Schlup v. Delo*, *supra*.  "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley  v. United States,* 523 U.S. 614, 623 (1998).  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Id.* at 623-624.

*Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . .  To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*. at 324.

Petitioner fails to make the requisite showing. His contention that a fundamental miscarriage of justice will occur if the court fails to entertain his claim that his waiver of counsel was not knowingly and voluntarily made because, as he essentially argues, his actions did not constitute commission of the offense for which a duly empaneled jury found him guilty, constitute claims of legal insufficiency rather than factual innocence. *See Bousley*, 523 U.S. at 622. His claim of innocence is based on the same defense and evidence presented by Petitioner at trial. (*See Doc. No. 25*.) The jury rejected such argument and found Petitioner guilty of criminal mischief in the third degree. Here, Petitioner, has submitted no "new reliable evidence" to support his assertion of innocence nor has he suggested that any such evidence exists to establish his actual innocence so as to meet the standard set forth by *Schlup*. Consequently, Petitioner's procedurally defaulted claim is, therefore, foreclosed from federal habeas review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Jeffery Baker, Jr. be DENIED and DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 21, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous,

conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 8th day of April 2008.


  /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

10